## RYAN *et al. v.* MADDUX *et al.*

An assignment of an account by endorsement of the word "assigned," signed by the owner of the account, is sufficient.

Such an assignment being sufficient, it was not error to permit the plaintiff, the assignee of the account, to amend on the trial the assignment, by inserting the words, "For value received, I hereby assign the within account," instead of the word "assigned," the additional words being mere surplusage.

The right of assignment of an account existed before the passage of the Practice Act of 1854, section 4th of that Act only relating to the parties to an action thereon.

APPEAL from the District Court of the Sixth Judicial District.

Action by the assignees of an account of balance due, and for foreclosure of a mechanics' lien therefor.   Complaint filed November 10th, 1855.   The errors assigned, are fully stated in the opinion of the Court.   Judgment for plaintiff in the Court below.   Defendant appealed.

*Long & Judah* for Appellants.

*Harmon, Sunderland & Stanley* for Respondents.

The opinion of the Court was delivered by Mr. Chief Justice MUR-RAY.   Mr. Justice TERRY concurred.

This was an action in the Court below, to recover the balance of an account due from the defendants to Jonathan Nutt, and by him assigned to Ryan & Callahan, the present plaintiffs.   The assignment is in these words : " Assigned to Ryan & Callahan, Jonathan Nutt."

The answer admits the amount due upon account, but denies any knowledge of the genuineness of the assignment.

On the trial, the defendants objected to the admission of the assignment, and the Court allowed the plaintiffs to fill up the same by adding the words, " For value received, I hereby assign the within account ;" leaving the names to stand.

It is contended that this account was not assignable, so as to enable

the assignee to maintain an action, in his own name, under the provisions of the fourth section of the amended Practice Act, passed May 15th, 1854. The right of assignment existed before the passage of the Act, and the right of the assignee to sue in his own name, is given by the first section of the amended Practice Act, passed May 7th, 1855.

There was no error in permitting the plaintiffs to fill up the assignment; it was sufficient in the first place, and in this view the additional words may be treated as surplusage.

In the case of *Lacey v. Collins*, 2 Southard N. J. Rep., 489, cited by the appellants, it was held, that the assignee could not sue in his own name, and if he could, the simple endorsement of the assignor's name on the back, was not a sufficient evidence of assignment. This case differs from the one before us; first, because our statute authorizes such assignments, and second, because the endorsement is sufficient to show the intention of the parties.

Judgment affirmed.