### THE PEOPLE *v.* GEORGE THOMPSON.

INDICTMENT CONTAINING MORE THAN ONE COUNT.—If the indictment contains more than one count, it should appear clearly on its face that the matters set forth in the different counts are descriptive of one and the same transaction.

WHAT DIFFERENT COUNTS IN INDICTMENT SHOULD CHARGE.—An indictment charging the defendant with entering a dwelling house with intent to steal, may contain different counts, charging the ownership of the goods intended to be stolen in different persons, if each count charge the same entry into the same house and at the same time.

STATEMENT OF OFFENSE IN SECOND COUNT IN INDICTMENT.—The words "said," "aforesaid," or equivalent expressions in the second count of an indictment, are necessary to fix the identity of the offense therein stated with that stated in the first count, except as to facts, of which the Court will take judicial notice.

NAME OF HOUSE IN DIFFERENT COUNTS OF INDICTMENT.—In an indictment for entering
a dwelling house with intent to steal, if the second 'count give the name of the
house entered the same as the first, the Court will presume that it is the same
house without the word " said " or its equivalent.

ENTERING A HOUSE WITH INTENT TO STEAL.—The offense of entering a dwelling
house in the daytime with intent to steal, created by the Act of February 27th,
1864, is complete, if the value of the property the defendant intended to steal is
less than fifty dollars.

REVIEW OF INSTRUCTIONS IN A CRIMINAL CASE.—On an appeal in a criminal case, the
appellate Court will not review alleged errors in instructions of the Court, unless
embodied in a bill of exceptions, or there is an indorsement thereon, signed by the
Judge, showing the action of the Court thereon.

APPEAL from the County Court, Sacramento County.

The defendant was indicted under the Act of the 27th of
February, 1864, (Statutes of 1863–4, p. 104,) against breaking
and entering, or wilfully and maliciously entering without
breaking, in the daytime, any dwelling house, etc., with intent
to steal or to commit any felony whatever therein.    The
indictment contains two counts.    The first count charges him
with feloniously entering, on the 21st day of July, 1864, in
the daytime of that day, at, etc., a certain dwelling house, to
wit : the hotel known as the Crescent City Hotel of one John
McRaith, then and there situate, with intent the goods and
chattels of the said John McRaith, then and there being, then
and there feloniously to steal, etc.

The second count charges the defendant with " feloniously
entering on the *said* 21st day of July, 1864, at, etc., the dwel-
ling house of one John McRaith, known as the Crescent City
Hotel, then and there situate, with intent to steal the goods
and chattels of one James McGrath, then and there being," etc.

The indictment was demurred to upon the ground that more
than one offense was charged.    The demurrer was disallowed,
and it is now claimed that such disallowance was error.

The first count in the indictment charged the value of the
goods at sixteen dollars.    Defendant was convicted and ap-
pealed.    The other facts are stated in the opinion of the
Court.

*A. Compte, Jr.*, for Appellant, referred to section two hundred and forty-one, Criminal Practice Act, and *People* v. *Connor*, 17 Cal. 361; and Wharton's A. Criminal Law, Secs. 565 and 1,903, on the question of the indictment charging two offenses.

*J. G. McCullough, Attorney-General*, for The People, in answer referred to *Josslyn* v. *Commonwealth*, 6 Metcalf, 236; *People* v. *Shotwell*, 27 Cal. 394.

By the Court, SANDERSON, C. J.

Under our practice an indictment must not charge more than one offense, but it may set forth that offense in different forms under different counts. (Crim. Prac. Act, Sec. 241.) But this must be done in such a way as to show clearly upon the face of the indictment that the matters and things set forth in the different counts are descriptive of one and the same transaction. The object of allowing different counts is to provide against fatal variances between the material parts of the indictment and the proofs brought forward in their support. Where a material fact is doubtful, that is to say, where it is uncertain as to which of two or more conditions is the true one, and either is equally effectual in completing the offense, it is proper to frame a count embracing each, in order that there may be at the trial no fatal variance between the matters alleged and the matters proved. By way of illustration take a case of larceny. Suppose, from the evidence in the possession of the pleader, and upon which the indictment is to be framed, it is doubtful whether the stolen goods were the property of A. or B., and it is material for the purpose of identifying the larceny (Crim. Prac. Act, Sec. 243,) to allege the ownership of the goods with certainty. In such a case two counts, one alleging the ownership in A. and the other in B., is proper. But it must appear from the averments in the second count that the larceny therein set forth is the same as that charged and described in the first count, and unless this

is done the indictment will be obnoxious to the objection that it charges more than one offense. Or, take the present case. The first count charges that the defendant intended to steal the goods of John McRaith. The second charges that he intended to steal the goods of James McGrath. Now, assuming that it was necessary to allege the ownership of the goods, which the defendant intended to steal, in order to make a statement of the offense which would be sufficient in law, the two counts are proper, and there is no legal objection to the indictment merely upon the ground that the ownership of the goods intended to be stolen is charged to be in two different persons, which seems to have been the principal ground relied upon by counsel for the defendant in the Court below.

The use of the words " said " or " aforesaid," or equivalent expressions in the second count of an indictment, will generally be found indispensable in order to fix the identity of the offense therein stated with that contained in the first count. It is a little remarkable that in the indictment before us those words are not used in a single instance where their presence would have been proper if not necessary for the purpose of identification, but are used where they were not needed. Thus the date of the transaction is preceded by the word " said," which was not necessary, since the Court must know that there can have been but one 21st day of July in the year 1864. But when we come to the dwelling house, the identity of which with that mentioned in the first count must be shown with certainty, neither the word " said " nor any equivalent expression is used. It is true that it is described, word for word, the same as in the first, but so far as the use of words is concerned there is nothing to show that the Crescent City Hotel of the second count is the Crescent City Hotel of the first, except that the name of the hotel and its proprietor is the same in both.

The dwelling house having been described in the first count, no further description in the second count was required. A simple reference to it as " the said dwelling house " or as " the dwelling house aforesaid," was all that was necessary in

28

the second count, and had that course been adopted the identity of the house would have been sustained throughout without involving a resort to legal presumptions, and no argument would have been required to show that the transactions described in the first and second count were in fact one and the same.

In this case the identifying facts are the venue or place, the date of the entry and the house entered. The first and last are stated in the second count, by simply repeating the language of the first count, without using the words "said" or "aforesaid," or equivalent expressions, for the purpose of more certainly identifying them. This must, however, be held sufficient on the score of identity, for the Court will take judicial knowledge of the fact that there is but one "County of Sacramento" in the State, and because the identity of the names of the houses and their proprietors is *prima facie* evidence of the identity of the two houses, and that they are in fact one and the same house. The general rule is that the identity of the name is *prima facie* evidence of the identity of the person. (*Thompson* v. *Manrow*, 1 Cal. 428; *Mott* v. *Smith*, 16 Cal. 554; *Carlton* v. *Townsend*, 28 Cal. 219; *Jackson* v. *Boncham*, 15 Johnson, 226.) And we see no reason why the rule may not apply to houses as well as persons.

The construction of the statute for which counsel for the defendant contends is not correct. That given to it by the Court below is. There is an obvious distinction between the language of this statute and that construed in the case of *The People* v. *Murray*, 8 Cal. 519.

We cannot notice the errors assigned upon what are claimed by the appellant to be the instructions of the Court. Those instructions are without legal authenticity. They are not embodied in a bill of exceptions, as provided in Sections 433, 434, 435, 436 and 437 of the Criminal Practice Act; nor are they (if they were in writing) indorsed by the Judge in such a manner as to show his action thereon, as required in Section 438.

Judgment affirmed.