## THE PEOPLE *v.* SILAS MARTIN.

32  91
84  581

TRANSCRIPT ON APPEAL IN CRIMINAL CASE.—The Supreme Court will not review the action of the Court below in a criminal case unless the record contains a bill of exceptions, or a correct statement of the facts which transpired at the trial, signed and settled by the Judge.

IDEM.—A bill of exceptions signed and settled by the Judge, and filed with the Clerk below, is the correct mode of making up a record in a criminal case on appeal.

INDICTMENT.—An indictment which charges but one offense, and that in the language of the statute, is sufficient.

APPEAL from the County Court, Monterey County.

The defendant was charged with and convicted of the crime of incest, and appealed.

The other facts are stated in the opinion of the Court.

*Samuel F. Geil*, for Appellant.

*J. G. McCullough, Attorney-General,* for the People.

By the Court, SAWYER, J.:

There is in the record no bill of exceptions settled or signed, or in any way authenticated by the Judge, or otherwise. There are a number of loose papers, not appearing to form parts of any one document, commencing with what purports to be a copy of the indictment, certified up by the Clerk. It is neither headed nor indorsed, or in any way designated as a bill of exceptions. The last paper in the series purports to state what took place on the trial, and terminates with a

motion for a new trial. It is signed by the defendant's attorney alone. This document is indorsed :

"MONTEREY, (Cal.,) December 26th, A. D. 1866.
"Filed December 14th, 1866. Which said motion was denied by the Court, and the defendant excepted.

"S. F. GEIL, Attorney for Defendant.
"W. H. RAMSEY, County Judge."

There is nothing here to show that any bill of exceptions was ever settled or signed by the Judge. If the signature of the Judge can be said to attest anything, it is the statement that the motion of defendant was denied, and the defendant excepted. It may have been denied on the ground that there was no settled bill of exceptions, or correct statement of the facts which transpired at the trial. There is, at all events, nothing to show that the preceding documents contain a correct history of the proceedings at the trial. We cannot review the action of the Court without having some authentic record showing what its action was, and upon what it was based. A bill of exceptions, settled and signed by the Judge and filed by the Clerk is the mode prescribed for making such a record. (Crim. Prac. Act, Sec. 435 ; *People* v. *Thompson*, 28 Cal. 218; *People* v. *Honshell*, 10 Cal. 86 ; *People* v. *Stonecifer*, 6 Cal. 411.) There is no such bill of exceptions in this record, and this disposes of most of the questions raised.

The indictment charges but one. offense known to our law, and charges that offense in the language of the statute. (Act concerning crimes and punishments, Sec. 123 ; and Act regulating marriages, Sec. 21.)

The other questions raised by the appellant are not presented by this record.

Judgment affirmed.