## THE PEOPLE *v.* JOHN B. FERGUSON.

BILLS OF EXCEPTIONS—IN WHAT CASES REQUIRED, AND BY WHOM SETTLED.— Errors occurring at the trial of a criminal case cannot be reviewed on appeal by this Court except on bill of exceptions, settled and signed by the Judge of the Court wherein the trial took place.

IDEM.—A bill of exceptions settled and signed by the District Attorney is unauthorized by law, and void.

APPEAL from the District Court, Eleventh Judicial District, Calaveras County.

The defendant was indicted by the Grand Jury of Calaveras County, and tried and convicted in said District Court of the crime of murder. From the judgment of said conviction defendant appealed to this Court. The record on appeal contains a statement, signed by defendant's attorney, in the nature of a bill of exceptions, setting forth what purports to have been the ruling and decision of the Court on a motion made by defendant, founded on affidavit, for a continuance of the trial of said cause for one term of said Court, denying said motion; also, in the rejection by the Court of certain evidence proffered by defendant on the trial of said cause, and that defendant, at the time of said several decisions, duly excepted thereto, to which statement is attached a certificate, signed by the District Attorney of said county, setting forth that the same is agreed by him to be correct. No motion for a new trial was made in the Court below, nor is there any statement or bill of exceptions, (except the foregoing,) containing the errors complained of by appellant, in the record on appeal.

*A. P. Dudley,* and *Coffroth & Spaulding,* for Appellant.

*J. G. McCullough, Attorney General,* for the People.

There is no settled bill of exceptions or statement contained in the record which this Court can consider. (Crim. Pr. Act, Secs. 435–37; *People* v. *Thompson*, 28 Cal. 218; *People* v. *Romero*, 18 Cal. 92.)

By the Court, SANDERSON, J.:

We cannot reach the points made in behalf of the appellant. The errors, of which complaint is made, occurred at the trial, and can be reviewed only upon bills of exceptions settled and signed by the Judge. None such are found in the record. The agreement signed by the District Attorney to the effect that certain proceedings were had and certain exceptions taken on behalf of the appellant, cannot be taken as a substitute. The agreement amounts, perhaps, to a bill of exceptions settled and signed by the District Attorney, but unfortunately for the appellant the District Attorney is not authorized to settle or allow bills of exceptions. The statute expressly provides that it shall be done by the Judge. (Crim. Prac. Act, Sec. 435; *People* v. *Thompson*, 28 Cal. 214.) No one else is authorized to act in his place.

Judgment affirmed.