# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* WILLIAM T. TRIM.

BILL OF EXCEPTIONS IN CRIMINAL CASES.—A bill of exceptions, when properly constituted and authenticated as required by the Criminal Practice Act, (sections four hundred and thirty-three to four hundred and thirty-eight, both inclusive,) becomes a portion of the "record of the action" in a criminal case. To constitute such bill of exceptions, it must be duly settled and signed by the Judge trying the cause, and must contain such evidence as is deemed necessary to illustrate such points of exception.

IDEM—STIPULATIONS.—In a criminal case, on appeal, the stipulations of attorneys or certificate of respondent's attorney cannot be substituted for the certificate and signature of the Judge to a bill of exceptions, so as to give it validity or entitle it to any consideration.

ORAL INSTRUCTIONS TO JURY IN CRIMINAL CASES.—In criminal cases, it is fatal error to give oral instructions to the jury, without the consent of defendant; and where the record on appeal discloses that oral instructions were given, but fails to show the consent of the defendant thereto, the judgment will be reversed.

INSTRUCTIONS TO JURY WHEN DEFENDANT'S ATTORNEY IS ABSENT.—Where the record on appeal in a criminal case shows affirmatively that after the jury had retired for deliberation, under instructions of the Court, they were brought into Court, on their request, and received further instructions, which were given in the absence of defendant's attorney, although the defendant was present, and the record fails to show that the defendant's attorney was in any manner notified of the return of the jury for such purpose; *Held,* that this was fatal error.

APPEAL from the County Court of the City and County of San Francisco.

The defendant was indicted, tried, and convicted of the crime of arson. The defendant moved for a new trial, which was denied. The statement on said motion consisted of a Reporter's notes, as written out by him and filed, of what purported to be the entire proceedings taken at the trial, including, among other things, a report of the testimony and numerous exceptions taken by the defendant at the trial to the admission and exclusion of evidence; also, a stipulation, signed by the District Attorney and the attorney for defendant, to the effect that said Reporter's notes should constitute the statement on appeal from the order denying said motion. The transcript also contained a document entitled a bill of exceptions, duly filed, setting forth certain matters relating to instructions given by the Court to the

jury after their first retirement to deliberate on their verdict. The only authentification of said document was by a certificate annexed thereto of its correctness, signed by said attorneys.

The other facts are stated in the opinion of the Court.

*George W. Tyler*, for Appellant.

*Jo Hamilton, Attorney General*, for the People.

By the Court, SPRAGUE, J.:

A bill of exceptions, prepared, authenticated, and filed in accordance with sections four hundred and thirty-three to four hundred and thirty-eight of the Criminal Practice Act becomes and constitutes a portion of the "record of the action" in criminal cases, (Crim. Prac. Act, Sec. 462,) and such bill of exceptions, properly settled and signed by the Judge before whom the case was tried, must contain such evidence as is deemed necessary to illustrate the points of exception, and no other evidence than such as is contained in a properly authenticated bill of exceptions will be examined by the appellate Court. (*Ex parte Ring*, 28 Cal. 247.)

The record in this case contains no such bill of exceptions as is required by the statute. In a criminal case, on appeal, the stipulations of attorneys, or certificate of respondent's attorney, is no proper or permissible substitute for the certificate and signature of the Judge. (*People* v. *Thompson*, 28 Cal. 218; *People* v. *Ferguson*, 34 Cal. 309.)

On appeal, in a criminal case, the Court will only review such portions of the record proper of the action as is authenticated in accordance with the statute.

Hence, on this appeal, we can consider no points made in behalf of appellant other than such points as are made upon and illustrated by such portions of the record proper of the action as appears in the transcript not required to be embodied in a statement or bill of exceptions.

The only legitimate record of the action appearing in this transcript is contained within the first twelve pages thereof, and this record contains only the following items authorized and required by the four hundred and sixty-second section of the statute:

First—A copy of the indictment, and plea of defendant thereto.

Second—A copy of the minutes of the trial.

Third—A copy of the minutes of the judgment.

These items are portions of the record of the action required by the statute, and, with other items not authorized, are certified by the Clerk as constituting the "judgment roll in said cause."

The item in the transcript purporting to be an instruction asked by defendant is not indorsed as required by section four hundred and thirty-eight of the Criminal Practice Act, and hence cannot be regarded as a part of the record.

The legitimate "record of the action," as certified by the Clerk contains upon its face two fatal errors.

It appears affirmatively from this record that the Court charged the jury *orally,* instead of *in writing;* and it does not appear that defendant consented to such oral charge. This is in direct contravention of the sixth subdivision of section three hundred and sixty-two of the Criminal Practice Act, and by this Court has uniformly been held erroneous. (*People* v. *Beeler,* 6 Cal. 247; *People* v. *Payne,* 8 Cal. 344; *People* v. *Demint,* 8 Cal. 424; *People* v. *Ah Fong,* 12 Cal. 347; *People* v. *Woppner,* 14 Cal. 437.)

It also appears affirmatively that after the jury had retired for deliberation under instructions of the Court, they were brought into Court for further instructions, which were given in the absence of defendant's attorney, and it does not appear that defendant's attorney was in any manner notified of such return of the jury for further instructions, as required by section four hundred and eight of the Criminal Practice Act.

These errors are contained in the minutes of the proceedings of the last day of the trial, which read as follows:

" Title of Cause.

"The defendant, with his counsel, Judge Tyler, appeared in Court, whereupon the jury being called, all answered thereto. Thereupon Jennings T. Shelby, a witness on the part of the People, and William T. Trim, a witness on the part of the defendant, were duly sworn and examined.

"Thereupon, after argument of counsel, and an *oral* charge by the Court, the jury retired to deliberate upon their verdict, and subsequently appeared in Court and asked for further instructions, the defendant being present, *but not his counsel.* The Court gave the jury further instructions. Whereupon the jury, by order of the Court, again retired to deliberate further on their verdict, and subsequently appeared in Court, and their names being called, all answered thereto, and say they find the defendant guilty as charged in the indictment, and so say they all."

For these errors appearing upon the face of the record of the action, not required to be embraced in a statement or bill of exceptions, the judgment must be reversed and cause remanded for retrial.

So ordered. Remittitur will issue forthwith.