No. 2,444.

THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENT, v. WILLIAM TETHEROW, APPELLANT.

CRIMINAL PRACTICE.—INSTRUCTIONS.—ASSIGNMENT OF ERROR.—Errors assigned upon instructions will not be noticed unless the instructions are brought before the Court in an authentic form.

IDEM.—ACTION OF COURT UPON INSTRUCTIONS.—HOW AUTHENTICATED.-The action of the Court below upon the instructions must be shown, either by an endorsement thereon as provided by Section 438 of the Criminal Practice Act, or by a bill of exceptions.

IDEM.—STATEMENT OF EVIDENCE.—The question whether the evidence sustains the verdict cannot be considered where the record does not present an authentic statement of the evidence.

IDEM.—PHONOGRAPHIC REPORT OF EVIDENCE.—HOW AUTHENTICATED.—The notes of evidence taken down by a phonographic reporter, as provided by the Act of March 28, 1868, must be written out in long-hand, and must be authenticated by the affidavit or certificate of the reporter, showing that the report is a full, correct, and true statement of all the evidence admitted or offered on the trial of the action.

APPEAL from the County Court of Sonoma County.

The defendant was convicted of the crime of grand larceny. He moved for a new trial, on the grounds that the Court misdirected the jury in matters of law in giving certain instructions; that the Court erred in refusing to give instructions asked by defendant; that the Court erred in the decision of questions of law in regard to the admissibility of testimony objected to by defendant; and that the verdict is contrary to law and the evidence.

The motion was denied and the defendant appealed.

The other facts are stated in the opinion.

*William Ross,* for Appellant.

*Jo Hamilton,* Attorney-General, for Respondent.

RHODES, C. J., delivered the opinion of the Court, WALLACE, J., TEMPLE, J., and CROCKETT, J., concurring:

The errors assigned upon the instructions cannot be noticed, because the instructions are not brought before us in an authentic form. The record furnishes no evidence that any of the alleged instructions were either given or refused, or even presented to the Court. The action of the Court thereon should have been shown either by an indorsement, as provided for by Section 438 of the Criminal Practice Act, or by a bill of exceptions. (*People* v. *Thompson,* 28 Cal. 218; *People* v. *Martin,* 32 Cal. 91).

We cannot consider the question whether the evidence sustains the verdict, because the record does not present an authentic statement of the evidence. There is no bill of exceptions in the record. The Act of March 28, 1868, (Stats. 1867-8, p. 425), to provide for the appointment of phonographic reporters in certain counties (among which is Sonoma County), provides that "The notes of said reporter shall always be taken as *prima facia* evidence of the testimony given upon any trial where such notes are taken." The Act does not provide that the notes shall be written out

in long-hand writing, nor that they shall be verified in any manner by the reporter or any officer of the Court; but it must be presumed—if this Act has sufficient consistency or substance to bear a presumption—that it was intended that the reporter's notes should be written out in long-hand writing, and should be authenticated by the affidavit or certificate of the reporter, showing that the report is a full, correct and true statement of all the evidence admitted or offered on the trial of the action. The statement of the evidence in this case is preceded by the words: "Testimony, as reported by W. A. Maxwell, short-hand reporter;" but it is neither signed, certified nor verified, and therefore must be disregarded.

Judgment affirmed.

SPRAGUE, J., expressed no opinion.

Upon the authority of *People* v. *Tetherow,* (No. 244) the judgments in the following cases were affirmed:

*People* v. *Parker,* (No. 2,356).
*People* v. *Poole,* (No. 2,358).
*People* v. *Poole,* (No. 2,359).
*People* v. *Parker,* (No. 2,366).