[No. 3,011.]

# THE PEOPLE OF THE STATE OF CALIFORNIA v. YSIDORE PADILLIA.

| 42 | 535 |
|----|-----|
| 77 | 532 |
| 42 | 535 |
| 84 | 31 |
| 42 | 535 |
| 112 | 21 |
| 42 | 535 |
| 119 | 459 |
| 42 | 535 |
| e129 | 504 |

IN A CRIMINAL CASE THE EVIDENCE MUST APPEAR IN A BILL OF EXCEPTIONS.—Where a motion for a new trial is granted, on the ground that the evidence was insufficient to justify the verdict, the only manner in which the question as to the sufficiency of the evidence can be presented to the Supreme Court is by a bill of exceptions, duly settled and certified by the Judge who tried the cause.

CONSTRUCTION OF STATUTE RELATIVE TO DISTRICT COURT REPORTERS.—It was not intended by the Act concerning District Court Reporters (Stats. 1865-6, p. 232), that the report of the testimony, transcribed into longhand from the reporter's notes, should be a substitute for the bill of exceptions. Such report is only prima facie a correct statement of the evidence and proceedings therein contained, while a bill of exceptions imports absolute verity, and is not to be taken as merely prima facie correct.

DUTY OF ATTORNEYS AND COURT AS TO REPORT OF TESTIMONY.—Before incorporating the reporter's transcript of the testimony in a bill of exceptions it is the duty of attorneys to eliminate from it all matter not necessary or proper to illustrate the points to be presented on the appeal. The Judge of the Court should not permit the report to be used until it has been revised by him.

TRANSCRIPT TO SHOW AFFIDAVITS WERE USED.—Where, on an appeal from an order granting a new trial, there is no evidence to show that the affidavits contained in the transcript were used or referred to on the hearing of the motion for a new trial, they will not be considered by the Supreme Court.

INCORRECT INSTRUCTION TO BE CONSIDERED.—Alleged errors in the instructions given to the jury may be considered on appeal, in the absence of testimony, if the instructions are incorrect in every conceivable state of the evidence.

INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE.—In order to convict on circumstantial evidence, the evidence should be such as to produce nearly the same degree of certainty as that which arises from direct testimony.

EVIDENCE NECESSARY TO CONVICT.—The evidence in a criminal case must satisfy the jury, to a moral certainty and beyond a reasonable doubt—that is, it must entirely satisfy the jury—of the guilt of the defendant, before they can convict. If the jury are not entirely satisfied, they should acquit.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The defendant was convicted of the crime of murder in the first degree. He moved for a new trial, the motion was denied, and he appealed.

The other facts are stated in the opinion of the Court.

*D. S. Terry*, for Appellant.

*Attorney General Jo Hamilton*, *W. S. Montgomery*, and *J. H. Budd*, for Respondents.

By the Court, RHODES, J.:

The motion for a new trial was made on the ground, among others, that the evidence was insufficient to justify the verdict. That question cannot be considered on the record now before us. The record contains no bill of exceptions. The only manner in which that question can be presented to the appellate Court is by a bill of exceptions—or a statement, as it is sometimes called—duly settled and certified by the Judge who tried the cause. In this case, the transcript contains a longhand copy of the notes of the official reporter, certified by him to be correct; but there is no evidence that the report was used or referred to on the hearing of the motion. The same observation will apply to the affidavits which are contained in the transcript. The Act concerning District Court Reporters (Stats. 1865–6, p. 232) provides that the reporter shall write out, in longhand, verify, and file the report of the testimony, etc.; and that the report shall be deemed prima facie a correct statement of the evidence and the proceedings therein contained.

Whatever may be the value of the report on the motion for a new trial, it is very apparent that it was not intended by the statute that it should be a substitute for a bill of exceptions. A bill of exceptions imports absolute verity, and is not to be taken merely as prima facie correct. And even if a bill of exceptions were prepared, it would be a gross abuse of the provisions of the statute to make the entire report, by reference or otherwise, a part of the bill of exceptions. For, whatever may be the grounds of the motion, or whatever may be the alleged errors of the Court, it is almost impossible that the entire report will be necessary or proper to illustrate the grounds or points. Page after page of the report, where it contains the testimony of many witnesses, may be, and usually is, taken up with matters which throw no light on the questions which are the subjects of review by this Court. There may be many protracted discussions between counsel and the Court as to the form of questions which are ultimately withdrawn, or, if not withdrawn, were asked by the respondent and overruled by the Court. There may have been a series of questions, which were propounded in many different forms, because the witness did not understand the inquiry, or because the Court required the questions to be so general as not to be subject to the objection of being leading. Many questions and answers are found to be utterly immaterial, or, if material, at the trial, were asked for the purpose of testing the recollection of the witness. In many instances the question is repeated, and the answer is again repeated; and perhaps the answer is repeated by counsel, and the witness is asked if that is his answer to the question. And, without going into further detail, it is sufficient to say that the reports are often filled with matters which should be eliminated before the reports are permitted to form parts of bills of exceptions.

It is well known that it is scarcely possible for the steno-graphic reporter, in the hurry of a trial, to present a report which is in all respects accurate. It often happens that a witness illustrates his testimony by reference to a diagram, or some object in or about the Court-room, and his answers to questions, as taken down by the reporter, are *here, there, this direction, along here,* and the like; and the report is, in that respect, entirely meaningless, without an explanation of the diagram or other objects referred to by the witness. For these and other reasons, which we think must be obvious upon slight reflection, the Judge should not permit the report to be used in any proceeding until it has been revised by him. And it might be added that counsel could readily agree upon the omission, from the bill of exceptions or statement, of the larger portion of the immaterial and useless matter of the report, and thus they might save the parties the expense of copying or printing immaterial matter, and relieve the Court of the trouble and annoyance of its examination. We are fully aware of the great labor imposed upon some of the Judges of the District and County Courts, and do not desire to add further burdens; but we doubt not that counsel will, upon the request of the Judges, perform the labor necessary for the proper explanation and expurgation of the report. We do not wish to be understood as intimating that the report in this case is particularly obnoxious to the objections of the character mentioned, nor that the Court or counsel have been more than usually derelict or negligent, for it is the common practice to send up the entire report; and it should be added that the records from that Court are generally prepared with commendable brevity. We repeat that the report forms no part of a bill of exceptions in this case, and cannot be permitted to be used as a substitute for it. (*People* v. *Thompson,* 28 Cal. 218; *People* v. *Martin,* 32 Cal. 91; *People* v. *Ferguson,* 34 Cal.

309; *People* v. *Trim*, 37 Cal. 274; *People* v. *Tetherow*, 40 Cal. 286.)

For the reasons above given we cannot consider the other grounds of the motion for a new trial, nor any of the alleged errors which depend for their illustration on the report. The affidavits and copy of record annexed to the transcript are subject to the objections already mentioned. They form no part of a bill of exception, and they do not appear to have been read on the hearing of the motion.

Alleged errors in the instructions given to the jury may be considered, in the absence of the testimony, if the instructions are incorrect in every conceivable state of the evidence. It is apparent, from the body of the instructions, that the evidence was mainly of a circumstantial character, and the two instructions, which we shall notice, were evidently given in view of that kind of evidence.

The objection to the tenth instruction—in which the Court states to the jury that "circumstantial evidence should be such as to produce *nearly* the same degree of certainty as that which arises from direct testimony"—was fully disposed of in *People* v. *Cronin*, 34 Cal. 201; and, indeed, the instruction seems to have been extracted from the opinion. in that case.

The seventeenth instruction is as follows: "All that is necessary in order to justify the jury in finding the defendant guilty is, that they shall be satisfied, from the evidence, of the defendant's guilt to a moral certainty and beyond a reasonable doubt, although they may not be entirely satisfied from the evidence that the defendant, and no other or different person, committed the alleged offense; and if the jury are satisfied from the evidence, beyond a reasonable doubt, that the defendant committed the crime charged against him, they are not legally bound to *acquit* him because they may not be *entirely satisfied* that the defendant

and no other or different person committed the alleged offense."

The first clause of the instruction is undoubtedly correct in stating that the jury must be satisfied from the evidence of the defendant's guilt, to a moral certainty, and beyond a reasonable doubt; but the next clause of the instruction— "although they may not be entirely satisfied that the defendant, and no other or different person, committed the alleged offense "—was intended as a material qualification of the first clause. The purpose was to tell the jury that they might be satisfied to a moral certainty, and beyond a reasonable doubt, but at the same time not entirely satisfied of the defendant's guilt.

This, in effect, assigns a lower grade to moral certainty beyond a reasonable doubt, than is given to it by the law, and permits the jury to convict without being entirely satisfied that the defendant is guilty of the offense charged. When the jury are satisfied to a moral certainty and beyond a reasonable doubt, they are entirely satisfied. The truth of any fact which is to be proven by evidence cannot be established beyond the possibility of a doubt, and yet the jury may be entirely satisfied of its truth. Anything short of entire satisfaction on the part of the jury of the truth of the charge necessarily implies, in case of conviction, that in their opinion the charge is sustained by a mere preponderance of evidence. A mere preponderance of evidence is not sufficient for a conviction; and, on the other hand, it is not required that the inculpatory facts shall be absolutely incompatible with the innocence of the accused. (*People* v. *Murray*, 41 Cal. 66.) The true medium is, that the evidence shall satisfy the jury to a moral certainty and beyond a reasonable doubt—that they shall be entirely satisfied—of the guilt of the accused. The instruction was calculated to mislead the jury.

Judgment reversed and cause remanded for a new trial.