[No. 20168.    In Bank. — September 28, 1888.]

THE PEOPLE, RESPONDENT, *v.* A. D. JANUARY, APPELLANT.

CRIMINAL LAW — AUTHENTICATION OF INSTRUCTION — JUDGMENT ROLL. — The instructions of the court given or refused in a criminal case are no part of the record, unless accompanied by the indorsement of the judge, or embodied in a bill of exceptions. Neither the clerk nor the phonographic reporter can give verity to instructions which are without the indorsement or authentication of the judge.

APPEAL from a judgment of the Superior Court of Sacramento County, from an order denying a motion in arrest of judgment, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*McKune. & George, N. Greene Curtis,* and *A. L. Hart,* for Appellant.

*Attorney-General Johnson,* for Respondent.

SEARLS, C. J. — Defendant was indicted by the grand jury of the county of Sacramento for the crime of embezzlement, in having fraudulently appropriated to his own use the sum of $39,549.25, the money and property of one W. A. January, intrusted to him as the clerk, agent, and servant of the said W. A. January.

A trial was had before a jury, and a verdict finding

defendant guilty of the charge set forth in the indictment was rendered. Thereupon a judgment was rendered by the superior court of Sacramento County, to the effect that the defendant be imprisoned in the state prison for the term of ten years. From this judgment an appeal was taken to this court. No bill of exceptions setting forth the evidence in the case was ever settled by the judge of the court below, and hence the appeal is to be heard upon the judgment roll.

What purports to be a copy of the charge of the court to the jury is embodied in the transcript and certified by the clerk, but without authentication by the court, judge, or reporter.

The cause was tried in 1885, and the appeal taken to this court in 1886.

The only attempt at an authentication of the charge of the court to the jury is found in a statement filed in this court May 16, 1888, containing substantially, but not literally, a copy of the alleged charge of the court, verified by the short-hand reporter on the second day of May, 1888, as being a correct transcript of the charge actually given, upon which is indorsed, under date of May 16, 1888, the refusal of the judge who tried the cause to certify to the truthfulness of the charge.

It is claimed by respondent that the purported copy of the charge forms no part of the judgment roll, and not being incorporated in a bill of exceptions, cannot be reviewed by this court.

The judgment roll, or "record of the action," consists of, — "1. The indictment or information, and a copy of the minutes of the plea or demurrer; 2. A copy of the minutes of the trial; 3. The charge, given or refused, and the indorsements thereon; and 4. A copy of the judgment." (Pen. Code, sec. 1207.)

Section 1176 of the same code provides that "when written charges have been presented, given, or refused, or when the charges have been taken down by the re-

porter, the questions presented in such charges need not be excepted to or embodied in a bill of exceptions, but the written charges or the report, with the indorsements showing the action of the court, form part of the record, and any error in the decision of the court thereon may be taken advantage of on appeal, in like manner as if presented in a bill of exceptions."

By section 1127, the court is required to indorse and sign its decision upon all written charges presented, and section 1176 by implication requires like action upon the report of the instructions given by the court upon its own motion.

There are then two methods by which counsel may have the action of the court, in giving or refusing instructions, reviewed:—

1. By embodying such instructions in a bill of exceptions, to be settled, allowed, and certified by the judge.

2. By filing with the court the written instructions given or refused, with the indorsement of the judge thereon, and as to the instuctions given by the court on its own motion and taken down by the reporter, by having a copy or report thereof in long-hand, with the indorsement of the action of the court thereon, filed with the clerk in like manner.

The clerk cannot give verity to what purports to be the instructions given or refused by inserting them in the judgment roll. He is not in a position to know at all times what action the court has taken; and were it otherwise, the power of verification is not and should not, for many and weighty reasons, be vested in him.

The reasoning of McKinstry, J., in *People* v. *Flahave*, 58 Cal. 249, although applied to a case of written instructions, is equally applicable to the case at bar. It is as follows: "The clerk of the superior court is not authorized to insert in the record any paper purporting to set forth instructions, whether headed 'instructions for the prosecution' or 'for defendant,' or not, unless such

instructions are shown by the court's indorsement to have been given or refused in whole or in part. In no other way can that officer be made acquainted with the action of the court with respect to the instructions as presented by counsel."

Like considerations apply to the attempted authentication of the record by the reporter.

It is true, the report of the official reporter is to be taken as *prima facie* evidence of its truth; but we are not considering it as evidence of facts, but as to whether or not it is verity itself, and whether such verity is established in the mode provided by law.

To hold that the action of the court is to be measured by the report of the reporter would, in effect, be to transfer the judicial function of the judge to the phonographic reporter for all purposes of review.

A most important duty devolves upon a judge in certifying to the accuracy of the record of his proceedings. This duty cannot be discharged by another, or taken from him, except by some direct and specific provision of law.

We conclude that as the charges of the court, with "indorsements thereon," form a part of the record, so the charges without such indorsement are not entitled to a place in the record, and neither the action of the reporter or clerk can make them such without such indorsement by the court or judge, and the report of the charges given by the court is placed by section 1175 of the Political Code in the same category, and is without force as a record unless indorsed in like manner.

It follows that what purports to be the instructions of the court cannot be reviewed on this appeal.

The demurrer to the indictment was properly overruled. It was drawn for a violation of the provisions of section 508 of the Penal Code, and the facts stated are sufficient to bring the case within that section. (*People* v. *Gray*, 66 Cal. 271; *People* v. *Treadwell*, 69 Cal. 227.)

The judgment and order appealed from are affirmed.

PATERSON, J., SHARPSTEIN, J., McFARLAND, J., and McKINSTRY, J., concurred.

THORNTON, J., concurring.—I regard the charge of the court in this case as a part of the record, and on examining it, I find no error in the ruling of the court. I do not concur but dissent from the views expressed in the above opinion drawn by the chief justice.

I concur in the conclusion that the judgment and order should be affirmed.

Rehearing denied.