## PEOPLE v. VITAL.

### No. 20,957; November 2, 1893.

#### 34 Pac. 617.

**Criminal Trial—Instructions.—Where the Record in a Murder Trial** recites that the court read to the jury "instructions asked by the respective parties, and allowed by the court, and those given by the court of its own motion," but does not contain those given by the court of its own motion, or requested by the people, the appellate court will not determine whether or not the trial court erred in refusing to give an instruction asked by defendant, but will set aside a submission of the cause, and restore it to the calendar, to be heard when all the instructions are incorporated into the record.

APPEAL from Superior Court, Santa Cruz County; W. B. Cope, Judge.

Vital was convicted of murder and appeals.    Submission of cause set aside and cause restored to the calendar.

A. D. Splivalo and J. A. Spinetti for appellant; Attorney General Hart for the people.

PER CURIAM.—The minutes of the trial of this case and which constitute a part of the record,.state that the court read to the jury "instructions asked by the respective parties, and allowed by the court, and those given by the court on its own motion"; but the record filed here does not contain any of the instructions thus referred to, except those given upon request of the defendant.   One of the points made by the appellant is that the court erred in omitting to instruct the jury that they had the discretion, in case they found the defendant guilty of murder in the first degree, to relieve him from the extreme penalty of death, and to say, by their verdict, that his punishment should be confinement in the state prison for life.   We do not think we should determine this question upon the record now before us; at least until an opportunity is given to the attorney general to supply the instructions given by the superior court upon its own motion and upon request of the people, if such instructions were actually given. It is the duty of a judge to properly indorse all instructions given on his own motion, and when so indorsed they form a part of the record on appeal: People v. January, 77 Cal. 179, 19 Pac. 258.   The submission of this cause will be set aside and the case restored to the calender.   The attorney general will be allowed thirty days within which to file a complete record, showing all instructions given and refused by the superior court.   So ordered.