[Crim. No. 304.   Department One.—September 22, 1897.]

THE PEOPLE, Respondent, v. WILLIAM LUDWIG, Appellant.

CRIMINAL LAW—TRIAL—ORAL CHARGE—SHORTHAND NOTES—PRESUMPTION UPON APPEAL.—Where the record upon appeal from a judgment of conviction in a criminal case shows that oral instructions were given to the jury, but fails to show that the oral charge was not taken down in shorthand by the phonographic reporter, the legal presumption is that it was so taken down, and the fact that no transcribed copy of the reporter's notes appears in the record does not overcome the presumption, such copy being no part of the record unless indorsed by the judge; and it devolves upon the appellant to show by bill of exceptions that the oral charge was not in fact taken down by the reporter to overcome the presumption to the contrary.

APPEAL from a judgment of the Superior Court of Santa Clara County.   W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

H. V. Morehouse, and F. J. Hambly, for Appellant.

William F. Fitzgerald, Attorney General, and C. W. Post, Deputy Attorney General, for Respondent.

GAROUTTE, J.—Defendant appeals from the judgment. He asks for a reversal upon the ground that the court orally instructed the jury, and that such instructions when given were not taken down by the phonographic reporter as contemplated by section 1093 of the Penal Code.

If the facts are as contended for by appellant, he has shown reversible error, but he fails in establishing those facts. The minutes of the trial disclose that oral instructions were given to the jury, but we fail to find anything in the record showing that they were not taken down at the time by the phonographic reporter. The legal presumption is that such was the fact, and it is for the defendant to overthrow that presumption. (*People v. Ferris*, 56 Cal. 442.) Defendant produces the judgment-roll, or more properly speaking, the record of the action, and this record contains no charge of the court to the jury. He argues that the instructions are made a part of the record of the action by section 1207 of the Penal Code, and that when he produces the record of the action, properly certified, containing no instructions, it must be assumed that the charge was not taken down by the phonographic reporter. In *People v. January*, 77 Cal. 179, the trial judge gave an oral charge to the jury which was taken down by the shorthand reporter, but, when transcribed, the judge refused to indorse it as the charge given. Upon appeal, in construing sections 1176 and 1207 of the Penal Code, this court held that the record of the action, as referred to in section 1207, should only contain those instructions, written and oral, that are indorsed by the judge, and for that reason refused to consider the oral charge written out and certified by the reporter which was not indorsed by the judge. In that case there was no bill of exceptions. Upon the legal principles there declared the record of this action more properly establishes the fact that the charge when transcribed by the reporter was not indorsed by the judge of the trial court than it does the fact con-

tended for by defendant, to wit, that the charge was not taken down by the reporter. As already suggested, the presumption is, that the charge was taken down, and we are satisfied that presumption is not overthrown by the showing made, in view of the law as declared in the January case.

Judgment affirmed.

Van Fleet, J., and Harrison, J., concurred.