[S. F. No. 3305.   In Bank.—May 19, 1903.]

## GEORGE WALKER, Petitioner, v. SUPERIOR COURT et al., Respondents.

CRIMINAL LAW—ORAL CHARGE—MANDAMUS TO SUCCEEDING JUDGE.— *Mandamus* can only be invoked to compel a succeeding judge to act, not to compel him to act in a particular way. It will not lie to compel him to certify a document on file as a correct statement of an oral charge given in a criminal case by his predecessor in office, of which the succeeding judge has no personal knowledge. [Beatty, C. J., dissenting.]

PETITION for writ of mandate to the Superior Court of the City and County of San Francisco.   Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Petitioner.

Osgood Putnam, for Respondents.

McFARLAND, J.—This is a petition for a writ of *mandamus*. The petitioner was convicted of the crime of embezzlement in the defendant court in January, 1898. The presiding judge of the court at the time of the trial and conviction was the Honorable W. T. Wallace. The purpose of the petition is to compel the present judge of said court, Honorable Frank H. Dunne, to indorse a certain written instrument, and certify the same, as the oral charge given by the said former judge to the jury at the time of said trial in 1898. The document which the petition seeks to compel the present judge to so indorse is on file among the papers in the case, and on its face purports to be a written statement of the said oral charge; but it is not indorsed by the former judge, and is not in any way authenticated or certified to be correct by said former judge, or by any other person. The defendant in his answer avers that he has no information and belief as to whether the former judge instructed the jury orally, or that the document in question is a statement of said charge, and therefore denies the allegations of the petition on that subject. An alternative writ issued, and upon the hearing, it appearing that there were some disputed questions of fact, the case was referred to a commissioner to take evidence and to make findings as to those questions. He made his report, and thereupon the case was argued and submitted.

In our view of the case, most of the findings are immaterial. However, the commissioner found that the former justice orally instructed the jury on January 11, 1898; that the document in question was not attached to the judgment-roll; that in his bill of exceptions, settled September 6, 1901, petitioner made no reference to the oral charge in question; that although petitioner knew that the document in question was on file without indorsement or certification as early, at least, as October, 1899, he made no request of defendant to indorse the same as the oral charge of the former judge until August, 1902, at which time the clerk of attorney for petitioner did make such request; and that defendant disputes the fact that said document is the charge given by the former judge.

We do not deem it necessary to discuss the points made by defendant, that petitioner is guilty of laches in allowing so long a period of time to expire without making any effort to have

the alleged oral charge indorsed or certified, and that the matter should have been presented in his bill of exceptions. This is a procedure in *mandamus* to compel one judge to indorse a certain document as a correct statement of an oral charge given by another judge more than four years prior to the time when the demand for the indorsement was made, and about which the judge against whom the writ runs has no personal knowledge whatever. Assuming, for the purposes of this case, that the statute requiring a judge to indorse on an instruction the fact whether he gave or refused it is not confined to the judge who acted on the instruction and knew what the fact was, still, in such a case, *mandamus* can be invoked only to compel the succeeding judge to act, not to compel him to act in a particular way. When an appellant institutes an independent proceeding in this court to be allowed to prove an exception which the trial court had refused to allow, this court examines the evidence brought before it on the subject, makes it own order in the premises, and, if it allows the exception, certifies it as a part of the record. But in the case at bar we are asked by the petition in *mandamus* to compel the defendant, in his judicial capacity, to violate his conscience by indorsing as true what he does not know to be true. This is beyond the legitimate province of the writ of mandate.

The petition is denied, and this proceeding is dismissed.

Van Dyke, J., Lorigan, J., and Henshaw, J., concurred.

ANGELLOTTI, J., concurring.—I concur in the judgment upon the ground that the provisions of the statute requiring the court to indorse and sign its decision and action upon charges presented to it to be given to the jury, and upon the report of the charge made by the phonographic reporter, when the charge or a portion thereof is given orally, are applicable only to the judge who presides at the trial and charges the jury, and who, therefore, has personal and direct knowledge thereof. No other judge can be compelled to indorse the charge. Lacking such indorsement, it constitutes no part of the record, and the only method remaining by which counsel may have the action of the court in giving or refusing instructions reviewed is by embodying such instructions in a

bill of exceptions, to be settled, allowed, and certified by the judge. (*People* v. *January*, 77 Cal. 179.) Upon settlement of a bill of exceptions certain rules requiring a hearing on notice to the parties exist, thus giving to each party and to the court an opportunity to prepare a correct statement on appeal and providing ample safeguards against error. There is no provision for a hearing in the case of the certification here sought to be compelled. A successor of the judge delivering the charge would be compelled to make an independent personal inquiry, with no provision requiring notice or hearing. This practice might be open to abuse, and would lead to mistakes. A defendant is not deprived of any legal right by this construction, for he has in all cases full opportunity to bring the charge to this court on appeal by bill of exceptions.

Shaw, J., concurred with Angellotti, J.

BEATTY, C. J., dissenting.—I dissent. The principal opinion assumes for the purposes of this case what I am satisfied is the law,—viz., that the statutory requirement as to the certification of the charge given in a criminal cause is not confined to the judge who presided at the trial and delivered the charge.

The statute indeed imposes upon *the court* (not the judge) the duty of certifying the charge, just as it imposes upon *the court* the duty of pronouncing sentence (Pen. Code, sec. 1127); and when, as in this case, the judge who conducts the trial fails not only to authenticate his charge to the jury, but also fails to arraign the defendant for judgment, so that it devolves upon his successor in office to pronounce the sentence, it seems clear to me that the two duties are strictly correlative. If it is the right of the state to have sentence pronounced by such successor, it is equally the right of the prisoner to require him to certify the charge to which he is deemed to have excepted, for otherwise he is deprived of the full advantage of his constitutional right of appeal.

The respondent has pronounced sentence as directed by this court (*People* v. *Walker*, 132 Cal. 138), but has refused to certify the charge to the jury, and the majority of this court hold that he is justified in his refusal because he does

not *know* that the charge which he is requested to certify is the charge actually given, and that he would therefore "violate his conscience" by certifying it. This view, it seems to me, completely overturns the assumption that it is ever the duty of the successor of the trial judge to certify the charge or any part of it; for it certainly cannot be the duty of any judge to "violate his conscience," and it would be but a chance in a million if any judge succeeding to the duty of passing sentence in a criminal cause should happen to *know* what charge his predecessor had delivered. Personal and direct knowledge, therefore, cannot be the test of duty in such cases. If there is any duty to act and the means of knowledge are at hand, the judge whose duty it is to act must resort to those means of knowledge; and if they are sufficient for this information, he may make his certificate with a clear conscience. In this case the means of knowledge were ample and easily accessible. Our commissioner, to whom this cause was referred to take the evidence and report the facts, finds that at the trial of the petitioner the judge of said court did give an oral charge to the jury. "That said charge so given was taken down in shorthand by the official phonographic reporter of said court, and was thereafter by him, and upon the order of said Superior Court, transcribed into longhand and filed in said action." The evidence and exhibits accompanying the commissioner's report show, further, that there is, and has been, on file among the papers in the case a typewritten document entitled as follows:—

"In the Superior Court of the City and County of San Francisco, State of California.—Dept. No. 6.—Hon. Wm. T. Wallace, Judge.

"The People of the State of California v. George Walker.—
Embezzlement.

"Tuesday, January 11th, 1898.

"CHARGE OF THE COURT."

The substance of this document is a charge to the jury relating strictly to the information against the petitioner, and bearing the following indorsement: "12013. The People of the State of California vs. Geo. Walker, Embezzlement. Filed Feby. 9th, 1898. C. F. Curry, Clerk. By B. I. Salomon, Deputy Clerk. Charge of the Court." The shorthand reporter

who took down the charge and transcribed it swears that it is the charge as delivered, and there is not a syllable of evidence to the contrary. There is, in short, no shadow of doubt that this document does contain the charge as delivered by the trial judge. But the respondent in his answer alleges, and the commissioner finds, ''That said respondent disputes the fact that said charge is the charge given to the jury in said action.'' It is necessary to consider what this finding means. It cannot mean that the respondent disputed the authenticity of the document referred to at the time he was requested to certify it, or that he then placed his refusal upon that ground. In his answer to the petition herein he denied that the charge had ever been presented to him with a request to certify it—a denial altogether inconsistent with any claim that his refusal had been based upon doubt of its authenticity.

The evidence shows very conclusively, and the commissioner finds, that the charge was presented to him with a request in behalf of the prisoner that he should certify it. To this request and to the question whether he would hear evidence as to the genuineness of the document, his only answer was, that he would have nothing to do with it. He refused to look at the paper or listen to evidence, and his dispute of the authenticity of the paper appears for the first and last time in his answer filed in this proceeding, where he simply denies ''that the superior court does not dispute the fact that said charge is the charge given to the jury in said action.''

The utmost effect of this denial was to put the petitioner to proof of the disputed fact, and he did prove it as clearly as such a fact could be proved.

The respondent, testifying in his own behalf, did not claim, and could not consistently have claimed, that he ever disputed the authenticity of the paper, except in his answer, and there only upon the theory, which he has constantly maintained, that because he did not deliver the charge he could not know, and was under no obligation to inquire, whether any, and, if any, what, charge had been given. If he was right in this position, what the principal opinion concedes to be law cannot be the law. It cannot be the duty of any judge to certify a charge which he has not given because he cannot *know* that

it was given, and he is under no obligation to hear evidence, be the proofs ever so ample.

Far more consistent than the main opinion, is the position of respondent, which is sustained by the opinion of Justices Angellotti and Shaw.

I dissent also from that opinion. As above stated, there is no more authority conferred upon the successor of the trial judge to pass sentence upon a defendant than there is to certify the charge upon which he was convicted. If he succeeds to one duty, he succeeds to the other. The defendant, in aid of his appeal, has a right to a full and fair record, including the charge to the jury. If he had included it in a bill of exceptions, the respondent, it is conceded, would have been bound, as successor to the trial judge, to settle the bill, and in doing so would have been compelled to accept the evidence which proves beyond all doubt that the paper on file in the case is the charge given. If he would have been obliged to certify it in a bill of exceptions upon extraneous evidence, why may he not avail himself of the same evidence in certifying it by itself—the mode prescribed by the statute? In either case the certificate would be in substance the same,—i. e. that the charge (setting it out) had been given. If it would not violate the conscience of the judge to write such a certificate at the bottom of a bill of exceptions, I cannot see how his conscience should prevent him from writing it on the back of the instruction. And since the statute prescribes the latter mode of identifying instructions, I cannot agree that the petitioner ought to be deprived of all opportunity to present his appeal upon a fair record of the case merely because he has asked for one form of the same certificate rather than another.

I think that the writ—at least to the extent of commanding the respondent to consider the evidence, and if satisfied of its authenticity to certify the instruction—should be made peremptory.

Rehearing denied.