[Crim. No. 242. First Appellate District.—August 17, 1910.]

## THE PEOPLE, Respondent, v. LOUIS SCHULTZ, Appellant.

CRIMINAL LAW—AUTHENTICATION OF RECORD ESSENTIAL—REVIEW UPON APPEAL.—Before the proceedings of the trial court in a criminal case can be reviewed by the appellate court, such proceedings must be authenticated in the manner prescribed by the law or the rules of the appellate court; and where there is no legal authentication of the record, the evidence contained in the transcript cannot be considered.

ID.—CONVICTION OF ROBBERY—UNAUTHENTICATED RECORD—INSUFFICIENCY OF EVIDENCE—REVIEW PRECLUDED.—Where the defendant was convicted of robbery, the question as to the insufficiency of the evidence to support the verdict cannot be considered, where the evidence is neither contained in a bill of exceptions settled by the judge, nor contained in any authenticated transcript.

ID.—INSTRUCTIONS NOT REVIEWABLE.—Instructions neither indorsed nor certified as required by section 1176 of the Penal Code, nor contained in any settled bill of exceptions, constitute no part of the record on appeal, and cannot be considered by the appellate court.

ID.—EFFECT OF AMENDED CODE—SECTION 1176 UNAFFECTED.—Even if the appeal were governed by the law as amended by the acts of April 22, 1909, those acts do not modify or affect the provisions of section 1176 of the Penal Code, requiring the judge to indorse upon the written charges requested his action thereon, and to certify to the correctness of the reporter's transcript of the oral charge. The indorsement of the judge must appear upon the charge requested, for in no other way can it be known what instructions requested were given or refused.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Spagnoli & Spagnoli, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

HALL, J.—The defendant was charged by information with the crime of robbery, and with having, prior to the commission of said crime, suffered two convictions of the crime of burglary. On his arraignment he admitted the charge of prior convictions to be true, but pleaded not guilty to the charge of robbery. The jury, however, found him guilty of robbery as charged, and he has appealed to this court both from the judgment and the order denying his motion for a new trial.

The only points made for a reversal are insufficiency of the evidence to support the verdict, and the alleged error of the court in giving a certain instruction as to what constitutes the crime of robbery.

The evidence for the people contained in the transcript shows without contradiction (the defendant introduced no evidence) that on the twenty-first day of December, 1908, defendant entered the jewelry store of the prosecutor, Sig Hurtig, and under the pretense of wishing to explain to Hurtig how defendant wanted a diamond transferred to a pendant attached to a necklace, induced Hurtig to hand to defendant a diamond ring from the stock of the jeweler. That while Hurtig and defendant were standing on opposite sides of the counter or show-case, and while defendant was explaining how he wished the diamond transferred to the pendant, and while he, defendant, held the diamond ring in his left hand, defendant suddenly raised an iron bar with his right hand and struck Hurtig over the head with the bar. Hurtig at the same moment snatched the ring from the hand of defendant and thus recovered it. The charge against defendant was for the taking of said ring.

The contention of appellant is that the facts above set forth do not prove the commission of the crime of robbery.

The attorney general insists that upon the record before us we are precluded from considering this point. After a care-

ful examination of the record before us, we are of the opinion that the evidence contained in the transcript is not authenticated in such a manner as to constitute a legal record, and that for such reason we cannot consider it. It has been repeatedly decided in this state that before the proceedings of the trial court can be reviewed by the appellate court such proceedings must be authenticated in the manner prescribed by law or the rules of the appellate court. (*People* v. *Martin,* 32 Cal. 91; *People* v. *Ferguson,* 34 Cal. 309; *People* v. *Armstrong,* 44 Cal. 326; *People* v. *Long,* 121 Cal. 495, [53 Pac. 1097]; *People* v. *Terrill,* 131 Cal. 112, [63 Pac. 141].)

The case at bar was tried in February, 1909, and judgment rendered on the twenty-third day of said month. The notice of appeal was filed the next day. As the law then stood the defendant could have proceeded to procure the settlement of a bill of exceptions by the judge of the trial court in accordance with sections 1170, 1171, 1172, 1173, 1174, 1175 and 1177, Penal Code. These sections were, however, repealed by an act which went into effect April 22, 1909 (Stats. 1909, p. 1083), but the acts passed the same day, providing a new method of appeal and making up the record on appeal, did not go into effect until sixty days later. To meet this situation the supreme court, early in May, 1909, adopted a rule (XXXVI) providing that: "In any criminal case in which proceedings for the settlement of a bill of exceptions were pending at the time of the repeal of sections 1170, 1171, 1172, 1173, 1174, 1175 and 1177 of the Penal Code, such bill may be prepared, settled and filed in the manner prescribed, and within the times allowed, in those sections." Under this rule appellant could and should have procured the settlement of his bill of exceptions in accordance with the method prescribed in said repealed sections. For unless he had already lost the right to have a bill of exceptions settled, such proceedings were pending when said sections were repealed.

Appellant, however, did not follow the method prescribed by the rule of court, but on October 5, 1909, filed a stipulation, signed by his attorneys and the district attorney, and ratified by the judge of the trial court, to the effect that the "whole of the record" in this action "may be sent to the district court of appeal, said record to contain copies of the whole of the stenographic notes and testimony taken down at said

trial." Following this stipulation there is printed in the
transcript testimony and other matters. This, however, is not
settled or approved as a bill of exceptions by the judge of
the trial court in the manner required by the law as it existed
at the time of taking the appeal and as authorized by the
rule of court above quoted. The only certificate of the judge
of the trial court to this transcript of the proceedings is one
"That no objections to the within transcript of proceedings
have been made either by the defendant or his attorney, or
the district attorney, within the time prescribed by law, or
at all." So far as the form of the certificate of the judge
is concerned, it seems to conform to the law, section 1247a,
Penal Code, passed April 22, 1909. But this law did not.
govern, and could have no application to, the proceedings for
the settlement of a bill of exceptions upon an appeal taken
four months before it went into effect. Section 1247, Penal
Code, prescribes the time, after taking the appeal, within
which the defendant may make his application for the tran-
scription of the reporter's notes of the proceedings. More
than this period of time had long since expired before the
passing or taking effect of section 1247, Penal Code, and again
and again expired after the taking effect of said section and
before defendant took any steps toward procuring a tran-
script of the reporter's notes. Furthermore section 1247,
Penal Code, requires that the transcript of the reporter's notes
"shall be duly certified by him under oath to be correct."
We understand this to mean that he must make oath to the
correctness of his transcript. The reporter's certificate in
this case is not under oath, that is to say, he has not made
oath to the correctness of his transcript.

Even if appellant was entitled to adopt the method pre-
scribed by sections 1247 and 1247a, Penal Code, for bringing
to this court the evidence in the case, which we do not believe,
he has not complied with the provisions of said sections.

The evidence is neither contained in a bill of exceptions
settled by the judge as prescribed by the rules of the supreme
court, nor is it set forth in a transcript certified or prepared
in accordance with sections 1247 and 1247a of the Penal Code.
There is, therefore, no legal record before this court contain-
ing the evidence, and we therefore cannot consider the ques-
tion as to the sufficiency of the evidence to support the verdict.

For similar reasons the question attempted to be presented in regard to the instruction cannot be considered. The instruction is not contained in any bill of exceptions settled or approved by the trial judge, and is not indorsed or certified by the judge as required by section 1176 of the Penal Code. It is simply contained in the transcript of the reporter's notes, but without any indorsement or certificate as to its correctness by the judge of the trial court. Instructions neither indorsed nor certified as required by section 1176, Penal Code, nor contained in any settled bill of exceptions, constitute no part of the record on appeal, and cannot be considered by the appellate court. (*People* v. *January,* 77 Cal. 179, [19 Pac. 258] ; *People* v. *Cole,* 127 Cal. 546, [59 Pac. 984] ; *Walker* v. *Superior Court* (concurring opinion of Justices Angellotti and Shaw), 139 Cal. 110, [72 Pac. 829] ; *People* v. *Ludwig,* 118 Cal. 328, [50 Pac. 426] ; *People* v. *Clark,* 106 Cal. 32 (36), [39 Pac. 53] ; *People* v. *Ah Lee Doon,* 97 Cal. 171, [31 Pac. 933] ; *People* v. *Clark,* 84 Cal. 574, [24 Pac. 313].) This was certainly the law when this appeal was taken, as is abundantly established by the cases just cited, and even if it could be held that the record on this appeal should be governed by the law as amended by the acts of April 22, 1909, we find nothing in such acts changing or modifying the provisions of section 1176, which requires the judge to indorse upon the written charges requested his action thereon, and to certify to the correctness of the reporter's transcript of the oral charge. For while section 1246, Penal Code, as amended in 1909, directs the clerk to send to the appellate court, among other papers, ''a copy of the written charges given by the court to the jury, or refused, or modified and given, also a transcript of the oral charge,'' such section must be read in connection with the provisions of section 1176, Penal Code, which requires the judge to indorse his action on the written charges, and to certify to the correctness of the transcript of the oral charge, ''and thereupon the same, with the indorsements, become a part of the record, and any error in the action of the court thereon may be reviewed on appeal in like manner as if presented in a bill of exceptions.'' The indorsements of the judge must appear upon the copy of the charges, for in no other way can it be known what instructions were given or refused.

As neither the instruction complained of nor the evidence is contained in any legal record before us, we are precluded from considering the points relied on by the appellant, and the judgment and order must be affirmed, and it is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 15, 1910. Beatty, C. J., dissented from the order denying a rehearing in the supreme court.