## THE PEOPLE *v.* JUDSON H. GRAVES.

Form of an indictment for feloniously removing the dead body of a human being from the grave for the purpose of dissection or sale, with a count for feloniously receiving a dead body, knowing it to have been feloniously disinterred.

Where, on the trial of an indictment, the jury bring into court a verdict defective in form, it is competent for the court, before they have separated, to send them out again to consider the case further, and to agree on a verdict in due form, though the informal verdict may have been received and entered in the clerk's minutes, and the jury may have made the usual response, assenting to it when the entry by the clerk was read over to them.

When a verdict, defective in form, is brought in by a jury, it is not erroneous for the court to direct the jury to retire again to say under which count they find the prisoner guilty.

It is not a valid objection to a count in an indictment, that it refers to material matters alleged in a previous count, instead of repeating the allegation.

All that is necessary to the validity of an indictment is, that it enables a defendant to prepare for his defense, and to plead the judgment against him in bar of a second prosecution.

An indictment for feloniously disinterring the body of M. J. B. is not defective, because of an omission to allege that she was "a human being." That fact will be assumed. And where the burial place is described as "a graveyard in the town of Bristol, Ontario county," it was held to be no material defect that the particular graveyard was not designated.

On the trial of such an indictment, when the question of the identity of the body disinterred is submitted to the jury, it is not erroneous for the court to charge that it would be just as good to identify a foot or a hand as the whole person.

AN indictment was found in the Court of Sessions of Ontario county, of which the following is a copy:

*State of New York, Ontario County, ss:*

The jurors for the People of the State of New York, and for the body of the county of Ontario, to wit: Jonas M. Wheeler, &c., being sworn and charged to inquire for the People of the said State, and for the body of the county aforesaid, upon their oath, present that John C. Weed, Alanson R. Simmons and Judson H. Graves, late of the town of Bristol, in the county aforesaid, on the 1st day of June, 1858, with force and arms, at the town of Bristol, in the county aforesaid, a graveyard situated in the said town of Bristol, county of Ontario aforesaid, did enter, and the grave therein in which the body of one Martha J. Brockelbank, deceased, had lately before then been interred and then was, with force and arms unlawfully, voluntarily, willfully and indecently, did dig, open and afterward, to wit: on the same day and year aforesaid, with force and arms, at the town of Bristol, in the county aforesaid, the dead body of her, the said Martha J. Brockelbank, out of the grave aforesaid, unlawfully, feloniously and indecently did take and carry away, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do further present that the said John C. Weed, Alanson R. Simmons and Judson H. Graves, on the day and year last aforesaid, and at the town, county and State aforesaid, a graveyard situated in the said town of Bristol and county aforesaid, did enter, and the grave in which the body of one Martha J. Brockelbank, deceased, had lately before then been interred, and then was, with force and arms, unlawfully, voluntarily, willfully, feloniously and indecently, did dig open and afterwards, to wit: on the same day and year aforesaid, with force and arms, at the town of Bristol, in the county and State aforesaid, the dead body of her, the said Martha J. Brockelbank, out of the grave aforesaid, unlawfully, feloniously and

indecently did take, remove and carry away for the purpose of dissection, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do further present that the said John C. Weed, Alanson R. Simmons and Judson H. Graves, on the day and year aforesaid, at the town, county and State aforesaid, a graveyard situated in the said town of Bristol, county aforesaid, unlawfully did enter, and the grave there, in which the body of one Martha J. Brockelbank, deceased, had lately before then been interred, and then was, with force and arms, unlawfully, voluntarily, willfully, feloniously and indecently did dig open, and afterwards, to wit: on the same day and year aforesaid, with force and arms, at the town and county aforesaid, the dead body of her, the said Martha J. Brockelbank, out of the grave aforesaid, unlawfully, feloniously and indecently did take, remove and carry away, for the purpose of selling the same, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do further present that the said John C. Weed, Alanson R. Simmons and Judson H. Graves, afterward, to wit: on the same day and year last aforesaid, at the town of Bristol, in the county aforesaid, the dead body of one Martha J. Brockelbank, deceased so as aforesaid, unlawfully, feloniously and indecently dug up from the grave aforesaid, and unlawfully and indecently taken and carried away as aforesaid, from the said grave, unlawfully, feloniously and indecently, did receive for the purpose of dissection, they, the said John C. Wood, Alanson R. Simmons and Judson H. Graves, then and there well knowing the said dead body of the said Martha J. Brockelbank, deceased, to have been so as aforesaid, unlawfully, feloniously and indecently dug up, taken and carried away from the grave aforesaid, for the purpose of dissection, against the peace of the People of the State of New York and their dignity, and

against the form of the statute in such case made and pro-
vided.

WM. H. SMITH, *District Attorney.*

The defendants pleaded not guilty.

The trial being moved, they each demanded a separate trial,
which was granted by the court, and the district attorney then
moved the trial of the defendant, Judson H. Graves.

The trial then proceeded against Graves.

The counsel for the prisoner objected to any evidence being
given by the prosecution under the indictment, on the grounds:

1. That the death of said Martha J. is not averred in said
indictment.

2. That it is not averred that it was the body of a human
being which was removed.

3. That no place of burial is alleged or described.

The objection was overruled by the court, and the defend-
ant's counsel excepted.

The defendant's counsel then moved to quash the said
indictment on the same grounds, and particularly the last
count, on the ground it did not aver any person from whom
the defendant had received the body of said Martha J. Also
that it averred the body was disinterred by defendant, so that
he could not be a receiver of the same. The motion was
denied, and the defendant's counsel excepted.

The counsel for the prisoner objected to any evidence being
given as to the place where Martha J. Brockelbank had been
buried, on the ground that the place of burial was not described,
or attempted to be described, in the indictment, and claimed
that the burial place, by its common name, or some other
designation, should have been stated. This objection was
overruled by the court, and the defendant excepted.

After the proof on the part of the People was closed, the
counsel for the prisoner insisted that there could be no convic-
tion upon the evidence under the fourth count, and that the
same was insufficient, for the reasons before stated, to uphold
a conviction. The court decided that the count was good in
law, and that the jury might, under the evidence, if satisfied,

convict the prisoner under that count; to which decision the prisoner's counsel excepted.

The counsel for the prisoner then demanded that the counsel for the People should elect on which count they would proceed. The court refused to compel an election, and the prisoner excepted.

The counsel for the prisoner then asked that the district attorney be compelled to elect whether he would rely for a conviction upon the counts for opening the grave and removing the body, or under the last count, for receiving the body. This was also refused by the court, and an exception taken.

The court charged, that on the question of identity, it would be just as good to identify a foot or a hand as the whole person; that identification of the whole body was not necessary. To this the prisoner's counsel also excepted.

After the cause was submitted to the jury, they retired for consultation, and afterward returned to court and rendered the following verdict: "We find the prisoner guilty of receiving and dissecting." The verdict was received, and entered by the clerk in his minutes, and read over to the jury, who made the usual response, assenting thereto.

Thereupon, and before the jury had separated, the district attorney suggested that the verdict was informal, and there might be difficulty in enforcing it.

The court thereupon first directed the clerk to change the form of the verdict to that of guilty under the fourth count. To this the counsel for the prisoner objected; but the clerk, under the direction of the court, entered, below the first verdict, a verdict of guilty under the fourth count; to which the counsel for the prisoner then and there excepted.

The counsel for the prisoner asked the jury to be polled, and upon such polling they disagreed, and asked for further instruction from the court.

The court, upon further consideration, directed the jury to retire again for consultation, and to state, by their verdict, under which count they convicted the defendant. To this the counsel for the defendant excepted.

The jury again retired, and afterward returned with a verdict of guilty under the fourth count.

A bill of exceptions having been made, judgment was stayed, and the proceedings removed into this court by *certiorari.*

*J. C. Smith,* for the defendant.

*Wm. H. Smith* (District Attorney), for the People.

*By the Court,* KNOX, J. At the Ontario November Term of the Court of Sessions, 1859, the defendant was convicted of the crime of unlawfully receiving the dead body of a human being, for the purpose of dissection, knowing the same to have been unlawfully disinterred. (2 *R. S.,* 871, *sec.* 13, 14, *5th ed.*) Judgment was suspended on the conviction, until the decision of this court upon the questions raised.

The first question relates to the manner in which the verdict was received and entered. After the cause was submitted, the jury retired for consultation, and returned the following verdict: "We find the prisoner guilty of receiving and dissecting," which was entered by the clerk. Upon a suggestion of the district attorney, and before the jury had separated, that the verdict was informal, the court directed the clerk to change the form of the verdict to that of guilty under the fourth count. This was done. The jury were then polled and disagreed. They then retired again, under the direction of the court, to decide under which count in the indictment they convicted the defendant. They returned with a verdict of "guilty under the fourth count."

It needs no authorities to show that the verdict, which finds a person guilty of an offense, must be that of the jury empanneled for his trial. The very phrase "verdict of the jury" implies this, and hence the judge who presides at the trial has no right to dictate to the jury what verdict they shall render. But I apprehend that he may instruct, and that it is his duty to instruct the jury, as to the *form* of their verdict. What that verdict shall be, is a matter of substance exclusively for

them. What its *form* shall be, is a matter of convenience merely, which the court may regulate, where the statute has not done so. Although there are some expressions in the books, from which it might be inferred that, after a jury had come into court with a verdict, and the clerk had entered it, it could not be changed in form or substance; yet the true rule is, that until the verdict is rendered and recorded, and the jury have separated so far as no longer to constitute a jury, they have the right to modify the verdict that they may have given, and declare the truth according to their judgment. That only is their verdict which, while they are a jury, is their final and definitive agreement. (*Blackly* v. *Shelden,* 7 *Johns. R.,* 33.)

There was no error committed by the court in directing the jury, whose verdict was merely informal, to retire and say under which count of the indictment they found the defendant guilty.

The next question is, was the indictment sufficient? As the defendant was convicted under the fourth count, it will be sufficient to inquire as to the sufficiency of that only. It alleges that John C. Weed, Alexander R. Simmons and Judson H. Graves, did feloniously and for the purposes of dissection, receive the dead body of one Martha J. Brockelbank, so as aforesaid unlawfully, feloniously and indecently dug up from the grave aforesaid, and unlawfully and indecently taken and carried away from the said grave, the said defendant well knowing the said dead body of the said Martha J. Brockelbank, deceased, to have been so as aforesaid dug up, &c., for the purposes of dissection, &c.

It is said that there are not sufficient averments to constitute the offense, except by reference to the other counts. In other words, that there is no averment of a removal of the dead body from the grave.

It is the constant practice in criminal pleading, in one count of an indictment to refer to matters in a previous count, and it has been decided that this is proper, and that where the first count of an indictment is bad, a subsequent count may

be sustained, even though it refer to the first count for some allegations, and without repeating them. (*Wharton Cr. L.*, 154, *and case cited.*)

"Although every count," says Chitty, "should appear on the face of it to charge the defendant with a distinct offense, yet one count may refer to matter in any other count so as to avoid unnecessary repetition." (1 *Chitty Cr. L.*, 250 ; 2 *H. Black.*, 131.)

If there be doubt as to the fourth count without the reference, there can be none with it. It informs the defendant of the grounds of the charge against him ; it states facts sufficient to enable the court to see that an indictable offense is alleged ; it enables the defendant to prepare for his defense and to plead the judgment against him in bar of a second prosecution. This is all that is requisite to the validity of an indictment. That it does not allege, in so many words, that the body of "Martha J. Brockelbank" was that of a "human being," is true. But I apprehend that we are bound to assume that "Martha J. Brockelbank" was not only a human being, but a person of the female sex. The name is sufficiently indicative of both. As to the objection that the indictment does not contain a description of the place of burial, the answer is that it does. It says a "graveyard in the town of Bristol, Ontario county." If the objection be that the particular graveyard is not designated, the answer is, that this would be necessary if the statute made it an offense to disinter, &c., or receive the body disinterred from some particular yard ; but the offense consists in receiving a body removed from the grave or other place of interment. The sanctity of no particular place of burial is guarded by the statute, but that of all places. The specification of the place of burial was sufficient for all purposes of defense. It was not necessary to allege or prove from whom the body was received. The fact to be proved was that the defendant received it. Here the indictment alleged that three persons, of whom the defendant was one, removed the body from the grave, and the count upon which the defendant was convicted charged them with having received

it. I see no inconsistency. They could have removed the body from the grave and received it afterward for dissection. This disposes of the questions made upon the indictment.

There was nothing in the charge of the judge calculated to prejudice the defendant. Whether the body found was the body of Martha J. Brockelbank, raised a question of identity, and, upon that question, it was a proper remark of the court that "it would be just as good to identify a foot or a hand as the whole person. In the celebrated case of Webster, the identity of Parkman, the deceased, was proved by his teeth, quite conclusively.

I do not see that any substantial errors were committed on the trial, and cannot say that the jury were not justified in their verdict by the evidence.

Conviction affirmed, and proceedings remitted to Sessions to pronounce judgment.

---

SUPERIOR COURT OF BUFFALO.    March General Term, 1860.
*Clinton, Verplank* and *Masten,* Justices.