Commonwealth *v.* Clapp.

COMMONWEALTH *vs.* EUSTIS K. CLAPP.

A complaint containing two counts for different offences, the first of which distinctly describes the complainant, the defendant, and the place, and the second as "said complainant," "said J. S.," and the "town and county aforesaid," will support a verdict of guilty on the second count, although the defendant is acquitted on the first count.

COMPLAINT by "Henry H. Dean of Easton, in the county of Bristol," charging "Eustis K. Clapp of Easton, in the county of Bristol," as a common seller of intoxicating liquor; with a second count for a single sale, beginning thus: "And said complainant on his oath aforesaid further complains that said Eustis K. Clapp, at Easton aforesaid, in the county aforesaid," &c. The defendant, being acquitted on the first count and convicted on the second in the superior court, moved in arrest of judgment, because the second count was not complete in itself, and, this motion being overruled, alleged exceptions.

*C. I. Reed,* for the defendant, cited *Regina* v. *Martin,* 9 Car. & P. 215; *Regina* v. *Waters,* Temple & Mew, 57, and 3 Cox C. C. 300; *Commonwealth* v. *Quin,* 5 Gray, 478.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J. In the most approved books of forms, ancient and modern, it is found, almost invariably, when an indictment contains more than one count, that all the counts, after the first, omit the description of the defendant which is contained and is necessary in the first, and describe him only as "the said A. B." These long established forms alone, if we found nothing further, would be proof that a repeated description of the defendant need not be given, and that, by an omission thereof, no risk of a failure of the prosecution is incurred, by a failure, for any

reason, to sustain the first count, provided there is a verdict of guilty on either of the others; for pleadings are always evidence of the law; Buller, J., in *Read* v. *Brookman*, 3 T. R. 161; and books of entries are the best authorities in the absence of decided cases. Ashhurst, J., in *Boothman* v. *Surry*, 2 T. R. 10. There is, however, at least one adjudged case on this point. In *Phillips* v. *Fielding*, 2 H. Bl. 131, Gould, J. "remembered the case of an indictment for forgery, in which there were three counts for the forgery, and three for the utterance; in the first count the prisoner was particularly described, and the grand jury having rejected the three first counts, an objection was raised that the remaining counts described him, ' the said A. B.,' by reference to the first; but all the judges held that the description was good, and that the latter counts might refer to the former." In 2 Gabbett Crim. Law, 248, and in 1 Chit. Crim. Law, 250, it is stated that one count in an indictment may refer to a former count in describing the defendant as "the said A. B.," to avoid repetition of the description of him in the former; and that though the former count be defective, this will not vitiate the other which refers to it.

We cannot doubt that the law is the same when the jury acquit the defendant on a former count, and find him guilty on that in which he is described only by reference to the former.

The first charge in this complaint is made by Henry H. Dean of Easton, in the county of Bristol, against Eustis K. Clapp of the same Easton. The second charge (on which the defendant has been convicted by verdict) is by "said complainant" against "said Clapp;" that is, the same Dean and the same Clapp who are described in the first charge. And we perceive no reason why the complainant may not be described by reference to a previous description in the complaint, as well as the defendant.

*Exceptions overruled.*