TERRITORY OF MONTANA, APPELLANT, v. JOSEPH POULIER ET AL., RESPONDENTS.

CRIMINAL PLEADING—*Forgery*—*Indictment.*—An indictment for forgery contained two counts. The first charged the defendants with falsely making and forging an instrument, the second with falsely uttering and publishing an instrument. The instruments as described were the same as to words, figures, and dates, but the indictment did not charge that they were one and the same. A demurrer to the indictment was sustained, on the ground that it charged two separate offenses. *Held*, that an indictment for the crime of forgery, as defined in section 96, division 4, Compiled Statutes, may set forth the different means by which, in connection with the same instrument, the offense was committed, in separate counts, if these refer directly to the same instrument; but that the demurrer in this case was properly sustained, as the court could not infer from the mere identity of words, figures, and dates, that the same instrument was referred to in the two counts.

*Appeal from the First Judicial (formerly Third) District, Lewis and Clarke County.*

STATEMENT.

The indictment was as follows:—

" The grand jurors of the grand jury of the Territory of Montana, in and for the county of Lewis and Clark, duly impaneled, sworn, and charged at the July term, 1887, of the Third Judicial District Court, in and for said county of Lewis and Clark, begun and held at Helena, the county seat of said county, on the fifth day of July, A. D. 1887, to inquire into, and true presentment make of all public offenses against the laws of said Territory, committed within the said county of Lewis and Clark, in the name and by the authority of the Territory of Montana, upon their oaths aforesaid, do find and present, that one Joseph Poulier and one Frank Dauteuil, late of the county of Lewis and Clark, on the nineteenth day of May, 1887, at the county of Lewis and Clark, in the Territory of Montana, with force and arms, did falsely, fraudulently, and feloniously make, forge, and counterfeit a certain promissory note, purporting to be executed by one Leon Lasalle, and of the tenor following, to wit:—

' " $50.                    HELENA, M. T. —— ——, 188 .

' " Ehlt after date after date, —————, promise to pay to the order of, to pay to Augustus Remingtons, at the Montana National Bank in Helena, M. T., the sum of fifty —————— 100 dollars, without defalcation, for value received.

' " LEON LASALLE.'

"With an intent then and there had by them, the said Joseph Poulier and the said Frank Dauteuil, to damage and defraud one Augustus Remington and one Leon Lasalle, to the great damage and injury of them, the said Augustus Remington and Leon Lasalle, against the peace and dignity of the people of the Territory of Montana, and contrary to the form of the statute in such cases made and provided.

"Second count. And the grand jurors aforesaid, upon their oaths aforesaid, do further find and present, that the said Joseph Poulier and the said Frank Dauteuil, late of the county of Lewis and Clark, on the nineteenth day of May, 1887, at the county of Lewis and Clark, in the Territory of Montana, with force and arms, then and there having in their hands and possession a certain false, forged, and counterfeit promissory note, purporting to be executed by one Leon Lasalle, and of the tenor following, to wit:—

' "$50.           HELENA, M. T., —— —, 188 .

' "Ehlt after date after date ————, promise to pay to the order of, to pay to Augustus Remingtons, at the Montana National Bank in Helena, M. T., the sum of fifty ———— 100 dollars, without defalcation, for value received.

' "LEON LASALLE.'

"And they, the said Joseph Poulier and the said Frank Dauteuil, then and there well knowing the said promissory note, so held by them, to be false, forged, and counterfeit, did then and there falsely, fraudulently, and feloniously utter, publish, and pass the same upon one Augustus Remington, with intent then and there had to prejudice, damage, and defraud the said Augustus Remington and one Leon Lasalle, to the great damage and injury of them, the said Augustus Remington and the said Leon Lasalle, against the peace and dignity of the people of the Territory of Montana, and contrary to the form of the statute in such cases made and provided."

The defendants, by their respective attorneys, demurred to the said indictment on the following grounds: *First,* that it charged more than one offense; *second,* that the facts stated did not constitute a public offense, inasmuch as the writing alleged to have been forged and uttered could have no legal effect, even if it were

genuine. The court sustained the demurrers interposed on the sole ground that two separate offenses were stated in the indictment, holding it good as to the other objection. Whereupon judgment was rendered in behalf of the defendants, and the Territory appealed.

*W. E. Cullen,* Attorney-General, for Appellant.

If the indictment charged the defendants, in one count, with having forged a certain instrument, and in another count with having uttered another and wholly different instrument, a demurrer to it for duplicity would be well taken; but so long as the charge of making, forging, uttering, publishing, passing, or attempting to pass, is confined to one instrument, only one offense is charged in the indictment. (Wharton on Pleading and Practice, 8th ed. § 251, and authorities there cited; *People* v. *Frank,* 28 Cal. 513; *People* v. *Ah Woo,* 28 Cal. 206; *People* v. *Tomlinson,* 35 Cal. 503; *People* v. *De La Guerra,* 31 Cal. 461; *People* v. *Shotwell,* 27 Cal. 400.) The instrument set out in the indictment, though not dated and otherwise informal, is a promise to pay to Augustus Remingtons, or order, the sum of fifty dollars, at the Montana National Bank, for value received. This is sufficient to constitute an obligation to pay money. The date of the making of the instrument, and the time when the sum of money mentioned therein was payable, are matters which might have been shown by extrinsic evidence had the writing been genuine. There was, then, a promise to pay money, on the part of the party whose name was forged, which, had the writing been genuine, might have been enforced against him, and this is sufficient upon which to predicate forgery. (1 Wharton's Criminal Law § 695, and cases there cited.)

*Carter & Claybery,* for Respondent, Joseph Poulier.

We admit that if the instrument was dated and the date of payment only left blank, it would be due upon demand; but here is an instrument without date, and the time of payment is not left blank, but the word "ehlt" is inserted as stating the time of payment. If this is a word, or has any meaning whatever, the indictment should have alleged the meaning, so as to

render the instrument certain, and permit proof to be introduced, showing when the note was due. It is useless to cite authorities upon the proposition, that an instrument, which is alleged to have been forged, must be such as would enable a fraud to be perpetrated, provided this instrument was genuine. It is impossible to find any authorities in which an instrument of this kind has been passed upon. It is *sui generis.* We submit, therefore, that no indictment could be based upon it. To the proposition that two separate crimes are charged, we cite the following cases: *Ball* v. *State*, 48 Ark. 94; *State* v. *McCormick*, 56 Iowa, 585. But admitting the doctrine as laid down in one or two of the California cases cited by appellant, that if the instrument counted upon, in the two counts of the indictment, is the same instrument, then it is but one offense, yet, unless it appears upon the face of the indictment that it is the same instrument, the rule does not apply. There can be no presumption that the instrument set out in the second count is the same instrument set out in the first count, simply because they are similar in wording. The attorney-general refers to the case of *People* v. *Shotwell*, 27 Cal. 394, in which it is held that if an indictment for forgery contains two counts, in each of which a copy of the instrument alleged to have been forged is set out, and the copies are alike, it will not be presumed that each is a copy of only one and the same original instrument, without an allegation to that effect in the second count.

*Samuel A. Balliet*, for Respondent, Frank Dauteuil.

BACH, J.—The statute of this Territory, defining forgery and the acts that constitute it, declares that such crime may be committed, by falsely uttering and publishing, as well as by falsely making and forging. These are separate means by which the crime can be committed; and when each of the acts is connected with the same instrument, an indictment, charging the same in separate counts, the first by falsely making and forging, the second by falsely uttering and publishing, is not subject to demurrer for duplicity; for only one offense is charged, to wit, the crime of forging as to one and the same instrument. Where the statute declares an act unlawful, when perpetrated in any one or all of several modes, an indictment may charge the act,

in separate counts, basing each count upon the different modes specified; and it is held that the indictment may contain, in one count, an enumeration of all the different modes or means by which the crime may be committed. Thus in *Commonw.* v. *Brown*, 14 Gray, 419, the defendant was charged in one count of an indictment with procuring a miscarriage by administering ergot, and also by using an instrument for that purpose; and it was held, that the indictment was not objectionable, on the ground of duplicity. That forgery may be charged, in separate counts, each based upon the different modes of committing the crime, as specified in the statute, is maintained by the following authorities from California: *People* v. *Frank*, 28 Cal. 513; *People* v. *Tomlinson*, 35 Cal. 503; *People* v. *De La Guerra*, 31 Cal. 461; *People* v. *Shotwell*, 27 Cal. 400. But the separate counts must directly, and not inferentially, refer to the same instrument. In this case there is nothing in the second count to show that the instrument there set out, and declared to have been falsely uttered by the defendants, is the same instrument declared upon in the first count. It may be that they are separate instruments, and, if so, then the indictment is clearly bad for duplicity. We cannot infer that the two instruments are in fact but one, merely because they contain the same words, figures, and dates. (See *People* v. *Shotwell*, 27 Cal. 400; *People* v. *Thompson*, 28 Cal. 215.) The judgment of the court below, sustaining the demurrer to the indictment, is affirmed.

*Judgment affirmed.*

De Wolfe, J., and Liddell, J., concur.