(70 Misc. Rep. 199.)

PEOPLE v. GOLDNER.

(Supreme Court, Special Term, Queens County. December, 1910.)

1. INDICTMENT AND INFORMATION (§ 125*)—DUPLICITY.

Where an indictment alleges the larceny on a certain day of a certain sum belonging to the city of New York, while in the control of defendant as superintendent of sewers, and in another count the appropriation of an equal amount on the same day by defendant as such superintendent, and the two counts do not appear to relate to the same transaction, and the indictment does not so state, it is a violation of Code Cr. Proc. § 278, providing that an indictment must charge but one crime.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 334; Dec. Dig. § 125.*]

2. INDICTMENT AND INFORMATION (§ 150*)—DEMURRER—LIMITATIONS.

A demurrable indictment cannot be validated by the fact that limitations prevent the finding of a new one.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 497; Dec. Dig. § 150.*]

Mathew J. Goldner was indicted for larceny. Demurrer to indictment sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Arthur Train, Deputy Atty. Gen., for the People.
Eugene N. L. Young, for defendant.

KAPPER, J. This indictment must fall for duplicity. It charges two wholly unrelated and distinct larcenies. While it alleges both to have been committed on the same day and of the same amount, there is nothing to show that that amount was the same misappropriation in both counts. The first count alleges that $250 belonging to the city of New York, while in the custody and control of the defendant as superintendent of sewers, was on September 28, 1905, feloniously appropriated by him to his own use with intent to deprive the city, the true owner, thereof.

The second count alleges that on September 25, 1905, $250 was paid to defendant, as superintendent of sewers, by the Mathews Construction Company for sewer permits, which sum defendant on September 28, 1905, feloniously appropriated to his own use with intent to deprive said Mathews Company, the true owner, thereof. If, from the whole structure of the indictment, it could be said that but one crime was charged to have been committed in two different ways, relative words in the second count connecting the identifying facts with the first count might be dispensed with. But the court cannot supply such connectives when two separate thefts are charged, in no wise connected with each other, nor in any manner appearing to have been the same act or transaction.

The command of the Code of Criminal Procedure is that the indictment must charge but one crime (section 278). And, while by the next section (279) this crime may be charged in separate counts to have been committed in a different manner or by different means, it must fairly appear that the separate counts relate to one and the same crime. To say that of this indictment requires the court to arbitrarily read into the second count language which, in effect, says that the $250 stolen from the Mathews Company is the same $250 which the defendant stole from the city of New York, or language in the first count that the $250 therein referred to came into defendant's custody for and on behalf of the city by reason of the payment thereof to him by the Mathews Company for sewer permits. I do not mean to hold that the words "different means" or "different manner," contained in section 279, supra, may not properly comprehend the naming in the separate counts of two different persons as the owner of the stolen property; in order to meet possibly varying proofs on the trial; but, where an indictment in one count charges a custodian with a misappropriation of the city's money, and in the next count charges that a private company had paid him a sum for sewer permits which he thereafter stole from that company, and these facts stand alone without a charge that the larceny referred to in both counts was one and the same crime, or any words from which that might reasonably be inferred, then the indictment, in my opinion, charges two separate crimes, not arising out of the same act or transaction, and violates section 278 of the Code of Criminal Procedure.

Taylor v. People, 12 Hun, 212, does not uphold this indictment. The rule there enunciated, and which is relied upon to support it, is

that, where it is apparent from the general tenor of an indictment containing different counts that each relates to the same transaction, it may be treated as an indictment for one offense described in different ways. The rule itself is not challenged, but its application to the case at bar argues against, and not for, the indictment. Nothing in this indictment shows it to be apparent that both counts relate to the same transaction. For aught that appears, the defendant may have been the custodian for the city of a sum far in excess of the $250 alleged in the first count to have been feloniously appropriated, and that sum may have come to him from numerous sources wholly independent of the Mathews Company which is not referred to at all in the first count. Surely the mention of the Mathews Company in the second count only, and as the payer to the defendant of $250 for sewer permits which he thereupon stole, does not allow of the inference that it was the same $250 referred to in the first count. One of the main objects of an indictment is to inform the accused of what he is called upon to defend (People v. Dumar, 106 N. Y. 510, 13 N. E. 325; People v. Schlessel, 127 App. Div. 512, 112 N. Y. Supp. 45); and, applying that test to the indictment here, it seems beyond question that the defendant is subject to testimony against him on two wholly distinct larcenies. An indictment cannot properly leave any of the essential facts to inference. People v. Kane, 161 N. Y. 380, 55 N. E. 946.

And in People v. Lewis, 111 App. Div. 560, 98 N. Y. Supp. 85, it was said:

"It is unquestionably true that an indictment must contain every essential element of the crime charged, and the charge must be made directly and not inferentially, but it is equally true that a count in an indictment is good if the facts there stated, and those stated in a preceding count to which reference is made by apt and appropriate words, contain all the essential elements of the crime charged against the defendant and for which he is tried."

The authorities are uniform that the several counts in an indictment must relate to or arise out of the same criminal act or transaction (Hawker v. People, 75 N. Y. 487; People v. Wilson, 151 N. Y. 409, 45 N. E. 862; People v. Callahan, 29 Hun, 580); or, as was said in People v. Adler, 140 N. Y. 331, 35 N. E. 644, the joinder must be "based upon a continuous transaction." So, also, it was held a proper joinder of a charge of robbery with one of larceny where each charge was founded upon the taking of the same articles of personal property from the same person at the same time and place, one charging it to have been taken with, and the other without, violence to the person of the owner. People v. Callahan, supra.

In People v. Harmon, 49 Hun, 558, 560, 2 N. Y. Supp. 421, 422, the defendant was charged with selling intoxicating liquors on Sunday, the 26th of February, 1888, and in another count with the giving away of intoxicating liquors on Sunday, the 18th day of March, 1888. In sustaining a demurrer, the General Term say:

"It would have been competent to have charged that the offense was committed on Sunday, the 26th of February, by the selling of intoxicating liquors, and to have charged in another count the same offense, at the same time, by giving away intoxicating liquors. And by the provision to the effect that,

'where the acts complained of may constitute different crimes, such crimes may be charged in separate counts,' we understand it to refer to crimes having different degrees, such as murder and manslaughter, where the criminal act may constitute different crimes. The act of selling intoxicating liquors on Sunday, the 26th day of February, could not constitute the offense of selling or giving away on any other Sunday, for such selling or giving away would be a separate and distinct offense."

The argument is made at bar that because the larcenies charged were committed on the same day they were therefore one and the same offense. This conclusion cannot follow, unless it is to be admitted to be a physical impossibility to commit two separate thefts in one day.

While no indictment precisely like that here under review appears to have been the subject of judicial discussion in our state, indictments of general similarity have been passed upon elsewhere in accord with the view herein entertained. In People v. Shotwell, 27 Cal. 394, the indictment was for forgery. It contained two counts, in each of which a copy of the instrument alleged to have been forged was set out, and from which it appeared that both copies were alike. The California Code of Criminal Procedure provided for a demurrer to the indictment upon the ground that more than one offense was charged therein. Another provision was that an indictment should charge but one offense, but that it could be set forth in different forms under different counts. The statutes were practically the same as those of New York. It was held that the court would not presume that each check set forth in the different counts was a copy of only one and the same original instrument without an allegation to that effect in the second count.

In People v. Thompson, 28 Cal. 214, arising under the same statutes, it was held that, if an indictment contains more than one count, it should appear clearly on its face that the matters set forth in the different counts are descriptive of one and the same transaction, and that the words "said," "aforesaid," or equivalent expressions in the second count of an indictment are necessary to fix the identity of the offense therein stated with that stated in the first count. And the court there say:

"Suppose from the evidence in the possession of the pleader and upon which the indictment is to be framed it is doubtful whether the stolen goods were the property of A. or B., and it is material for the purpose of identifying the larceny to allege the ownership of the goods with certainty. In such a case two counts, one alleging the ownership in A. and the other in B., is proper. But it must appear from the averments in the second count that the larceny therein set forth is the same as that charged and described in the first count, and, unless this is done, the indictment will be obnoxious to the objection that it charges more than one offense."

So also in Montana (Territory v. Poulier, 8 Mont. 146, 19 Pac. 594) an indictment for forgery contained two counts. The first charged the defendant with falsely making and forging an instrument, the second with falsely uttering and publishing an instrument. The instruments as described were the same as to words, figures, and dates, but the indictment did not charge that they were one and the same. A demurrer to the indictment was sustained below on the ground that it charged two separate offenses.

This ruling was upheld on appeal, the court saying:

"The separate counts must directly, and not inferentially, refer to the same instrument. In this case there is nothing in the second count to show that the instrument there set out, and declared to have been falsely uttered by the defendants, is the same instrument declared upon in the first count. It may be that they are separate instruments, and, if so, then the indictment is clearly bad for duplicity. We cannot infer that the two instruments are in fact but one, merely because they contain the same words, figures, and dates."

The Court of Appeals have said that "it requires no argument to show that a prisoner has a substantial interest in being protected against several accusations in the indictment, which send him to his trial charged with the commission of two or more crimes of an utterly different nature" (People v. Adler, 140 N. Y. 336, 35 N. E. 645); and that, if more than one crime is charged, except as permitted by section 279 of the Code of Criminal Procedure, "the proper and only remedy is by demurrer." People v. McCarthy, 110 N. Y. 314, 18 N. E. 129.

The defendant having availed himself of the remedy by demurrer under subdivision 3 of section 323 of the Code of Criminal Procedure, upon the ground therein stated, "that more than one crime is charged in the indictment within the meaning of sections 278 and 279," it follows for the reasons above stated that the demurrer must be allowed.

Ordinarily, the allowance of a demurrer might be accompanied by a direction that the case be resubmitted to another grand jury, where there is a probability that the objection can be avoided in a new indictment (Code Cr. Proc. § 327), but the crimes here set forth are alleged to have been committed more than five years ago. Therefore, a new indictment cannot be found. Code Cr. Proc. § 142. The effect of the statute of limitations has been urged against the allowance of this demurrer, but a demurrable indictment cannot be validated by the fact that the statute of limitations prevents the finding of a new one.

In People v. Geyer, 196 N. Y. 364, 371, 90 N. E. 48, 50, the defendant was convicted under an indictment charging the larceny of a bank check for $500. The proof was that he lawfully received and deposited the check to his own credit, but that he afterward misappropriated the proceeds of the check thus deposited. The trial court permitted an amendment of the indictment to conform to the proof. The Court of Appeals, after holding the amendment to be reversible error, say:

"While apparently in view of the statute of limitations this defendant may escape merited punishment for wrongful acts, it is impossible to prevent this result in the disposition of this appeal in view of the serious errors which have been committed."

Demurrer allowed.