THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN STEEL, Defendant.

County Court, Orange County, April 20, 1925.

**Crimes — indictments — charging more than one crime in indictment in violation of Code of Criminal Procedure, § 278 — two crimes arising out of same transaction may be charged in separate counts under Code of Criminal Procedure, § 279 — indictment is defective that charges grand larceny based on theft of automobile and in second count receiving stolen goods based on receipt of stolen automobile, where there is no allegation that automobile referred to in each count is same.**

The prohibition contained in section 278 of the Code of Criminal Procedure against charging more than one crime in an indictment is subject to the exception contained in section 279 of the Code of Criminal Procedure which permits the charging in separate counts of an indictment different crimes arising out of the same transaction.

But where different crimes are charged in separate counts of an indictment it must clearly appear from the indictment that the crime so charged arose out of the same transaction, and, therefore, an indictment is defective which, in the first count, charges the defendant with the crime of grand larceny in that he stole "an automobile of the value of more than $500, owned by Frank E. Chrystal," and in the second count charges him with the crime of receiving stolen property in that he received "an automobile of the value of more than $500, the property of Frank E. Chrystal," since, while the dates alleged in the indictment, the value of the automobile, and the name of the owner are the same in both counts, there is no allegation to the effect that the automobile charged in the first count to have been stolen is the same automobile that the defendant is charged in the second count as having received in violation of the statute.

DEMURRER by defendant to the indictment on the ground that it charges more than one crime in violation of the statute.

*Elmer H. Lemon, District Attorney,* for the plaintiff.

*Henry Grusky,* for the defendant.

WIGGINS, J.:

The indictment accuses the defendant of grand larceny in the first degree, and contains a second count accusing the defendant of the crime of receiving stolen property in the first degree.

The defendant's attorney raises no question but that a crime may be charged in separate counts to have been committed in a

different manner or by different means. The statute (Code Crim. Proc. § 279) provides that where the acts complained of may constitute different crimes, such crimes may be charged in separate counts in the indictment, and an indictment which accuses a defendant of grand larceny in the first degree and contained another count accusing a defendant of receiving stolen property in the first degree does not violate the statute, provided the transaction referred to in both counts of the indictment is the same identical transaction, referring to the same identical property.

Under the first count of the indictment herein charging the defendant with grand larceny, it is alleged that on February 17, 1925, he took "*An automobile* of the value of more than five hundred dollars, owned by Frank E. Chrystal," and under the second count of the indictment alleging the crime of receiving stolen property in the first degree, he is charged with having received on February 17, 1925, " *an automobile* of the value of more than five hundred dollars, the property of Frank E. Chrystal." The date of both counts is the same. The name of the owner is the same, but there is nothing to identify the automobile mentioned in the second count of the indictment with the automobile mentioned in the first count, the description in both counts being simply " an automobile." Such words as " said automobile " or " aforesaid automobile " or " the automobile mentioned in the first count of the indictment " are lacking. The words " an automobile " may refer to any automobile, or different automobiles.

The whole question of the validity of such an indictment has been treated at length in *People* v. *Goldner* (70 Misc. 199, 200). In that case the first count in the indictment charged the felonious appropriation on a certain day of a certain sum belonging to the city of New York, while in the custody and control of the defendant as superintendent of sewers, the second count charging the felonious appropriation of an equal sum paid on the same day to the defendant as superintendent of sewers. The sum mentioned in both counts was $250. In passing upon that indictment the court said: " The command of the Code of Criminal Procedure is that the indictment must charge but one crime (§ 278). And while by the next section (§ 279) this crime may be charged in separate counts to have been committed in a different manner or by different means, it must fairly appear that the separate counts relate to one and the same crime. To say that of this indictment requires the court to arbitrarily read into the second count language which, in effect, says that the $250 stolen from the Mathews Company is the same $250 which the defendant stole from the city of New York."

The argument is made at bar that because the larcenies charged

were committed on the *same day* they were, therefore, one and the same offense. This conclusion cannot follow, unless it is to be admitted to be a physical impossibility to commit two separate thefts in one day.

In *People* v. *Shotwell* (27 Cal. 394), cited in *People* v. *Goldner* (*supra*), the indictment was for forgery. It contained two counts, in each of which a copy of the instrument alleged to have been forged was set out, and from which it appeared that both copies were alike. The California Code of Criminal Procedure provided for a demurrer to the indictment upon the ground that more than one offense was charged therein. Another provision was that an indictment should charge but one offense, but that it could be set forth in different forms under different counts. The statutes were practically the same as those of New York. It was held that the court would *not presume* that each check set forth in the different counts was a copy of only one and the same original instrument *without an allegation to that effect in the second count.*

In *People* v. *Thompson* (28 Cal. 214), cited in *People* v. *Goldner* (*supra*), arising under the same statutes, it was held that if an indictment contains more than one count, *it should appear clearly on its face* that the matters set forth in the different counts are descriptive of one and the same transaction, and that the words " said," " aforesaid " or equivalent expressions in the second count of an indictment *are necessary to fix the identity* of the offense therein stated with that stated in the first count.

A case in point is *Territory* v. *Poulier* (8 Mont. 146), cited in *People* v. *Goldner* (*supra*), which arose under the same sort of statutes. The indictment was for forgery and contained two counts, the first charging defendants with falsely making and forging *an instrument*, the second with falsely uttering and publishing *an instrument*. The instruments as described were the same as to words, figures and dates, *but the indictment did not charge that they were one and the same*. A demurrer to the indictment was sustained below on the ground that it charged two separate offenses. The court said: " The separate counts must *directly*, and not inferentially, refer to the same instrument. In this case there is nothing in the second count to show that the instrument there set out, and declared to have been falsely uttered by the defendants, is the *same instrument declared upon in the first count.* It may be that they are separate instruments, and, if so, then the indictment is clearly bad for duplicity. *We cannot infer that the two instruments are in fact but* one, merely because they contain the same words, figures, and dates."

In the Montana case last above cited the instrument alleged to

have been forged and referred to in each count is described as " an instrument."

This is the identical expression used in the present indictment before this court where the expression used is " an automobile " in the first count and in the second count the words used are " an automobile."

In *People* v. *May* (179 App. Div. 290) the defendant was indicted on three counts for the crime of burglary, third degree, petit larceny and receiving stolen property. The court held that the three crimes may be properly joined in one indictment in separate counts, if properly pleaded, but sustained the demurrer saying: " It does not appear that the property which the defendant is charged with stealing was contained in the car which he is charged with breaking into. Neither does it appear that the articles which he is charged with having stolen are the same as those covered by the charge of criminally receiving stolen property."

In *People* v. *Saltwell* (192 N. Y. Supp. 559) the indictment contained three counts which, upon demurrer, the court dismissed on the ground that it was not alleged in the second and third counts that the stolen property was the *same* property referred to in any other count; it is not alleged in either count that the transaction set forth therein was the same transaction set forth in the other counts.

If an indictment contains several counts, they must refer to the same transaction and the identical property; if they fail to do so, then the indictment alleges more than one crime.

In this instance there is nothing in the second count of the indictment to identify it as being the same property referred to in the first count.

The demurrer is sustained with leave to resubmit to the grand jury. Order to be settled on notice.